Hot Springs Street Railway Company *v.* Henry.

4-2924

Opinion delivered February 13, 1933.

C. T. *Cotham* and *Sidney S. Taylor,* for petitioner.

J. R. *Wilson,* for respondent.

SMITH, J. The Hot Springs Street Railway Company prays a writ of prohibition to restrain the presiding judge of the judicial circuit, of which Cleveland County is a part, from proceeding with the trial of certain causes now pending in Cleveland County, in each of which it was made a party defendant.

A motion was filed in the court below to quash the summonses which had been issued and served in these cases, upon which motion testimony was heard. The undisputed testimony appears to be as follows: Louis Cone, a resident of Pulaski County, while driving an automobile in the city of Hot Springs, had a collision with a street car in that city, and he and two young ladies, who were riding with him, were injured. The young ladies, as well as Cone himself, resided in Pulaski County. Complaints were prepared to be filed in the Cleveland Circuit Court by the attorney for each of these young ladies against both Cone and the street car company, and during the day upon which they were filed service was had upon Cone under the following circumstances: The complaints were filed with the clerk of the Cleveland Circuit Court in the morning, and the plaintiffs' attorney advised a deputy sheriff that the defendant, Cone, would be at the court house that afternoon. The defendant, Cone, drove up to the courthouse gate that afternoon, accompanied by another man whom the officers thought was Cone's brother. This man came to a deputy sheriff, and told the officer that the defendant, Cone, was in his car. The officer did not know either party, but the man in the car was introduced to him as Louis Cone, and he served the summonses on him as he had been directed by the plaintiffs' attorney in the morning. The complaints upon

which these summonses had issued alleged that the young lady plaintiffs had been injured through the concurring negligence of the street car company and Cone, and prayed judgment against each of them.

Cone filed an answer, in which he denied that he had been guilty of any negligence which had caused or contributed to the injury. In connection with this answer, he filed a cross-complaint against the street car company, in which he alleged that he had been injured himself through the negligence of the company, and he prayed judgment against the company for $10,000 to compensate the injury.

The court declined to quash the summonses in the cases of the two young ladies, but did dismiss the cross-complaint of Cone against the street car company.

Thereupon, pleadings were filed in this court to prohibit the circuit court of Cleveland County from proceeding with the trial of the two original suits.

It was and is insisted that, as the street railway company is located only in the city of Hot Springs, in Garland County, and does not run through or into Cleveland County, any suit against it was local under § 1172, Crawford & Moses' Digest, and can be maintained only in Garland County, although the street car company was sued in conjunction with a defendant who was served with process in Cleveland County. We do not decide this question, as the writ of prohibition will be awarded upon another ground.

The respondents defend the action of the court in refusing to quash the service and seek to sustain the right of the circuit court to proceed with the trial of the causes under the authority of § 1178, Crawford & Moses' Digest, which reads as follows: ''Where any action embraced in § 1176 is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county or resided therein at the commencement of the action, or where, if any of them

resided or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him.''

It is insisted that, as Cone was found in Cleveland County and served with summonses there, the plaintiffs have the right to compel his codefendant, the street car company, to answer in the same county, inasmuch as the plaintiffs alleged their injuries were occasioned by the concurring negligence of Cone and that of the street car company.

We do not concur in the view that § 1178, Crawford & Moses' Digest, above quoted, conferred jurisdiction upon the Cleveland County Circuit Court under the circumstances stated. This section does permit a defendant to be sued, not only in the county of his residence, but in another county in which he is found and is served with process. But this means, of course, where one is found and served with process in the usual and ordinary course of circumstances, and not where service was had collusively, as was done in the instant case.

The law of the subject was declared in the case of *Wernimont* v. *State*, 101 Ark. 210, 142 S. W. 194. The opinion in that case discussed the manner of obtaining service by summons, and, after referring to § 6074, Kirby's Digest, which is identical with § 1178, Crawford & Moses' Digest, above quoted, says: ''If the transaction is colorable and collusive, and the resident person not a defendant in fact and in good faith, then service of process of summons upon him would be incapable of laying the foundation for jurisdiction of the court over nonresident defendants served with summons in other counties. Upon such facts being made known to the court, it would be its duty to quash the service of summons upon such nonresident defendants. Such defendants cannot be dragged from the forum of their residence by any sham or contrivance to evade suit against them in a court

 

in the county where they reside. Such a perversion of the court's process is a fraud practiced upon the court, which should receive its condemnation upon being made aware of it.''

We think the conclusion is inescapable; in fact, it does not appear to be seriously denied that Cone was ''found'' and summoned in Cleveland County in accordance with a prior arrangement, to which he was a party, to that effect. It was the intention of all parties concerned to confer jurisdiction upon the Cleveland Circuit Court, although no person connected with the lawsuit in any capacity resided there, and to confer jurisdiction, not only of the suits of the young ladies plaintiff against the street car company, but to confer jurisdiction also of Cone's own suit. It is true the court dismissed Cone's cross-complaint, but it is true also that the filing of this cross-complaint shows the collusive character of the proceeding. The courts should not lend their aid to such practices, and no statute requires them to do so.

The writ of prohibition will therefore be granted as prayed, restraining the Cleveland Circuit Court from proceeding further in the causes.