HARGER *v.* OKLAHOMA GAS & ELECTRIC COMPANY.

4-4738

Opinion delivered December 6, 1937.

Lyman L. Mikel, J. E. Yates, George A. Hurst, Kelsey Norman, Alfred K. Lee and Henry Warten, for appellant.

Hill, Fitzhugh & Brizzolara, for appellee.

GRIFFIN SMITH, C. J. This appeal is prosecuted from a judgment of the Franklin circuit court setting aside that part of a jury's verdict which found that appellee was liable to appellant in the sum of $50,000 to compensate personal injuries sustained by appellant through the negligent conduct of appellee's servants.

In April, 1936, appellant, alleging joint liability, filed his complaint in the Franklin circuit court, naming as defendants W. H. Heald and C. H. Loveland, trustees for the Southwestern Telephone Company; Ira Hoffstatter, a resident of Franklin county, and Oklahoma Gas & Electric Company, appellee herein. It was alleged that Hoffstatter was an employee of the trustees of the telephone company, and that in the course of his employment he was in the performance of duties for said trustees in and about the operation, control and management of the telephone lines and properties of the telephone company trustees in Franklin county; that the trustees maintained in Altus and Denning, in Franklin county, a telephone system with its wires stretched on poles along the streets and highways in said towns and

in the rural communities served by it; that the Oklahoma Gas & Electric Company owned an electric line running through Altus and Denning, and maintained an electric line and power system in said county, and that the current so generated was carried over the streets of said towns and along the highways and along wires stretched on poles; that appellee's electric wires crossed over the wires of the telephone company; that the telephone wires were damaged and became dangerous to persons walking along said highway, and that Ira Hoffstatter, acting for the trustees, made certain repairs on said wires, but carelessly and negligently performed his work, and left said equipment in a dangerous and unsafe condition, and that appellant was injured by the defendants' negligence.

Summons was issued out of the Franklin circuit court and served on Hoffstatter in Franklin county. Summons was also issued by the clerk of Franklin circuit court and served upon the trustees. The clerk of the Franklin circuit court then issued a summons, directed to the sheriff of Sebastian county, against the Oklahoma Gas & Electric Company, and the return of the sheriff shows that the summons was served by delivering a copy to W. S. Van Sickel, "general manager, in charge of appellee's place of business in Fort Smith."

Appellee filed a general demurrer. It did not, in the demurrer, object to the jurisdiction of the court, but insisted that the complaint did not state facts sufficient to constitute a cause of action. Before the demurrer was ruled on, appellee filed its answer.

The court sustained the motion of the telephone company to quash service, and dismissed as to it. The cause was then tried as against the appellee and Hoffstatter.

After the jury had retired, but before it had returned its verdict, appellee filed a protest against any judgment being rendered against it unless the jury should also find that Hoffstatter was liable. There was a verdict against the Oklahoma Gas & Electric Company alone. Appellee then filed a motion in arrest of judg-

ment. The court sustained this motion, set aside the verdict, and dismissed the complaint. Appellant thereupon filed a motion to set aside the order sustaining the motion in arrest of judgment and a motion to set aside the order and judgment dismissing the action against appellee. The court overruled appellant's motion.

The important question to decide is whether service on the Oklahoma Gas & Electric Company, obtained in the manner shown *infra,* was sufficient to give the Franklin circuit court jurisdiction of the person of appellee corporation in Franklin county. The return of the sheriff of Sebastian county was:

"On the 18th day of April, 1936, I duly served the within writ by delivering a copy and stating the substance thereof, to the within named Oklahoma Gas & Electric Company, a corporation, by delivering a true copy to W. S. Van Sickel, general manager, in charge of its place of business in Fort Smith, Arkansas, as I am hereby commanded."

Appellant's position is that service, at least *prima facie,* having been secured under the provisions of § 1152 of Crawford & Moses' Digest; and Van Sickel, being agent for service in Sebastian county only, appellee was not required to answer in Franklin county. The fact that a demurrer was filed, followed by an answer, in a situation where no valid judgment could have been rendered because the summons was without legal compulsion, is urged by appellant as conduct which gave the trial court jurisdiction. It is further urged that, thereafter, relief was not available to appellee under the provisions of §§ 1176 and 1178, for the reason that these statutes do not extend to corporations.

If appellant should concede that the service obtained in this case could only issue under the provisions of § 1152, and that the return made by the sheriff of Sebastian county was conclusive of the proposition that Van Sickel's agency did not extend beyond the county; and, further, that the return was not subject to amendment, but that the cause would have been called and tried

on the theory that the limitation of agency was fixed, final and conclusive—then, admittedly, a judgment rendered thereunder would be void. It follows that if appellee, thus secure, had applied to the court for any relief other than to quash the void summons, it would have been in court for all purposes, and subject to judgment.

Conversely, if service originated under some statute other than § 1152 in consequence of which default judgment against a corporation might be taken; or, no designated statute having been relied upon, but the case having been called, and summons regular on its face but ambiguous as to the return having been presented under motion to amend such return; then, such amendment not being true, a nonappearing defendant against whom judgment was rendered would be required not only to challenge and disprove the testimony which gave apparent validity to the service, but to establish a meritorious defense.

But, insists appellant, in the instant case appellee knew that the service was void; knew that Van Sickel was agent for Sebastian county alone; knew that it was not required to appear except for the purpose of moving to quash, but did answer and demur, and by its answer verified appellant's present contention—that the service was void. The answer contains this statement: "The only service of summons or other process upon this defendant was had upon Walter S. Van Sickel, agent for the company, in Sebastian county, and not elsewhere." Appellee replied, and urged in its oral argument with apparent sincerity, that by this sentence it was not intended to say that Van Sickel was agent for the company in Sebastian county and not elsewhere; but on the contrary, the term "agent for the company," preceded by a comma separating "agent" from Van Sickel, and followed by a comma separating "company" from "in," was descriptive only, and the sentence might be read: "The only service of summons or other process upon this defendant was had upon Walter S. Van Sickel,

in Sebastian county, and not elsewhere, he being the agent of the company.''

Admittedly, a litigant is bound by the language of his pleading, and if by inadvertence or ineptness the reasonable and natural construction to be given to his words is at variance with the intended meaning, the adverse party has a right to adopt that construction which the language seems to import. But if it be conceded that appellee's representations as to Van Sickel's capacity were such as to justify appellant in believing there was a county agency only, it does not necessarily follow that Van Sickel's capacity was exclusively that of a local or county agent. He might have been such local agent, and at the same time an agent generally for service in the state. This is exactly what he was. The official records in the office of the Secretary of State, of which we take judicial notice, contain the following: ''Be it resolved, that service of process upon W. S. Van Sickel, as agent of Oklahoma Gas and Electric Company in the state of Arkansas in any action brought or pending in said state shall be valid service upon this company.''

We now turn to a discussion of certain statutes, their relation one to the other, and the effect to be given their provisions when a corporation is made defendant.

Section 1152, Crawford & Moses' Digest, now § 1369 of Pope's Digest, is as follows: ''Any and all foreign and domestic corporations who keep or maintain in any of the counties of this state a branch office or other place of business shall be subject to suits in any of the courts in any of the said counties where said corporations so keep or maintain such office or place of business, and service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations, and shall be sufficient to give jurisdiction to any of the courts of this state held in the counties where said service of summons or other

process of law is had upon said agent, servant or employee of said corporations."

In addition to the provisions of § 1152 for service on corporations, attention must be given to the application of, or procedure within §§ 1177, 1178 and 1179, Crawford & Moses' Digest, now §§ 1399, 1400 and 1401 of Pope's Digest. These sections are applicable only to that class of cases within the purview of § 1176, Crawford & Moses' Digest, now § 1398 of Pope's Digest. For convenience, references will be to the numbers appearing in Crawford & Moses' Digest.

Section 1176 is a venue statute. It provides that a transitory action may be brought ". . . in any county in which the defendant, or one of several defendants, resides, or is summoned." This statute confers jurisdiction of the subject-matter, and the means by which jurisdiction of the person of the defendant may be had is not established.

While § 1178 does not by express terms say that with the filing of an action against a local defendant, in that class of actions contemplated by · § 1176, and with procurement of service as otherwise provided, that service of process upon a corporation in another county confers jurisdiction over the person of the corporate defendant in the county from which the process issued, it *does,* by necessary inference, authorize this procedure. This is logically deducible from the language of the section in relation to the subject-matter to which the terms are applied—otherwise that part of the statute which directs that ". . . the plaintiff shall not be entitled to *judgment* against any of them" would be meaningless.

Appellant insists that this court should now accept a construction, the effect of which would be to exclude corporations from the provisions of § 1178; also, that service obtained in the manner shown by the sheriff's return in the instant case was not sufficient to require the appellee to plead. The effect of appellant's position is to urge that we further hold that service obtained, as here shown by the return, and which it is insisted was had solely by virtue of § 1152, was not sufficient to re-

quire appellee to appear for any purpose other than to move to quash the summons. This construction cannot be applied without overruling or disregarding a long line of comparatively recent decisions. The injustice of so construing § 1178 and of applying such construction to the instant case, or of changing an established rule of construction in any case without giving notice in a definite manner and in ample time, is so obvious to the court that we are in agreement on the reasoning urged—that is, that the trial court's action in setting aside the verdict against appellee should be sustained.

In support of this position, the following are paramount considerations:

(1) Was service of process on appellee such as ought to be held sufficient under §§ 1176 to 1178; or (2) should § 1152 be construed as the exclusive method of procuring service on corporations except in those instances where express language is used; (3) or, if it be conceded that the question was one which on original consideration might have been susceptible of the construction now contended for by appellant, should this court, without notice, overrule a long line of decisions holding that corporations are to be classified as defendants within the meaning of §§ 1176 to 1178?

Obviously, the decisions which now interpose an obstacle to acceptance of appellant's construction were induced by consideration of the broad, comprehensive, all-inclusive terms "defendant," and "defendants," as used in the two sections. They were predicated upon the rule that the language of a statute should be given the meaning intended by the general assembly if such import can be drawn from the words. In support of this construction, attention is directed to § 1174, which permits foreign corporations to be sued ". . . in any county in which there may be property or debts owing to the defendant." Inclusion of this provision, brought forward into current digests from the Civil Code as a venue statute, and reference therein to the "defendant," clearly indicates an intent to apply such term to an artificial as well as a natural person if an artificial per-

son should be the object of legal pursuit. A "party defendant" is defined in 20 R. C. L. as any natural or artificial person who is sued or who is joined with another party, or with other parties, who are sued.

Furthermore, § 9732, Crawford & Moses' Digest, now § 13258 of Pope's Digest, contains this definition: "The word 'person' includes a corporation as well as a natural person."

Therefore, §§ 1176-1178, being cumulative, or supplemental, they should be read in connection with § 9732, and, when so read, corporations must come within their terms.

In *Wernimont* v. *State,* 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913D, 1156, Mr. Justice FRAUENTHAL, after stating that it was the policy and spirit of our law that defendants should be sued only in the county of their residence, expressly gave recognition to certain statutory exceptions, one of which arises in cases where there is a joint liability against two or more defendants residing in different counties. He then stated for the court that in such cases the law is that suit may be brought in the county of the residence of any of the defendants, and service of summons can then be had upon other defendants in any county, thereby *giving jurisdiction* over the person of such defendants to the court in the county where the suit is thus instituted. This decision was handed down in 1911, more than two years after § 1152 was enacted. The plaintiff was German Investment Company, a corporation.

In *St. L.-S. F. Ry. Co.* v. *McDonald,* 175 Ark. 630, 299 S. W. 999, plaintiff alleged joint liability against the Jonesboro, Lake City & Eastern Ry. Company and the Missouri Pacific Railroad Company, the former being the "local defendant," having property within and doing business in the Lake City district of Craighead county. The Missouri Pacific Company was not engaged in business, nor did it have any property within, the Lake City district. A demurrer to the jurisdiction was interposed by the Missouri Pacific Company. In reviewing the case, we said:

". . . While this is true, it was jointly sued with the Jonesboro, Lake City & Eastern, which did have a line of railroad in said district, and it was therefore properly served, and the court had jurisdiction under § 1176 of Crawford & Moses' Digest. . . . And this [§ 1176] applies to corporations as well as individuals."

It would have been difficult to construct a sentence more definite and positive than the declaration of this decision.

*Sallee.* v. *Bank of Corning,* 122 Ark. 502, 184 S. W. 44, is another case in point. Mr. Justice HART, referring to the validity and effect of service obtained on the Bank of Corning, a domestic corporation domiciled in Clay county, in a suit filed in Randolph county against a local defendant there properly served, held that service was sufficient. He said: "Under § 6072, Kirby's Digest [1176, Crawford & Moses' Digest], an action like the present one may be brought in any county in which one of several defendants resides or is summoned. If the suit had been against the Bank of Corning alone, it should have been brought in Clay county where the bank was situated and did business. However, as we have already seen, the suit was brought against the Bank of Corning and other defendants and service was had upon the other defendants in Randolph county. They were proper parties to the suit, and judgment against the bank could be upheld under § 6072 [1176]."

In *Red Bud Realty Co.* v. *South,* 153 Ark. 380, 241 S. W. 21, Mr. Justice WOOD had the question under consideration. It appeared that local defendants were duly served in a transitory action in Baxter county. The corporate defendant, originally domiciled in Baxter county, contended that the domicile had been removed from Cotter to Little Rock, and service was had on the corporate defendant in Pulaski county. The question whether the domicile of the corporation had been legally changed to Pulaski county was raised, but the court pretermitted discussion of "this interesting question," but said: "Nevertheless the chancery court of Baxter county had jurisdiction in this action of the corporation. Under our

statute (§ 1176, Crawford & Moses' Digest), actions of this character 'may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned.' Therefore, if it be conceded that the domicile of the corporation was in Pulaski county, it was duly served with process in that county which service gave the chancery court of Baxter county jurisdiction of the action against the corporation.''

Another well-considered case is *Southwestern Veneer Company* v. *Dennison,* 174 Ark. 560, 298 S. W. 30. Dennison sued Bush, a resident of Monroe county, and properly served him. Southwestern Veneer Company, a corporation, domiciled in Woodruff county, was made a party defendant, the allegation being that it was jointly liable with Bush. The corporation specially appeared and moved to quash service obtained under § 1176. There was some controversy as to whether Bush was a *bona fide* defendant, but after a finding that he was an interested party, the corporation was held to have been properly served and to be amenable to the jurisdiction of the court under § 1176.

In *American Refrigerator Transit Company* v. *Stroope,* 191 Ark. 955, 88 S. W. 2d 840, appellee had secured judgment against appellant for $30,000 in Clark county. Joint negligence of the transit company and Raymond Tate was alleged. Service was had upon Tate in Clark county, where he resided. The transit company was brought into court through summons served on its designated agent in Pulaski county, and its motion to quash such service was overruled. In disposing of this phase of the case on appeal, we said: ''Since the record discloses ample evidence to sustain the finding of the jury that Tate was a joint tort feasor with it, the service upon the American Refrigerator Transit Company in Pulaski county was good.''

In *Commercial Credit Company* v. *Ragland,* 189 Ark. 349, 72 S. W. 2d 226, Ragland had filed suit for conversion in Arkansas county against a corporation there domiciled, upon which proper service was had, and another corporation domiciled in Pulaski county,

was made a defendant, upon which service was had under § 1176. The corporation so domiciled and served in Pulaski county moved to dismiss for want of jurisdiction. The court said: "We conclude, therefore, that the jury was warranted in finding that the conversion was wrongful, and, as it was the joint act of both defendants, Ragland had the right to bring suit against both defendants in any county where either was domiciled and could be served. The suit was brought in the county in which the Conrey Company was domiciled, and the service was therefore valid on the credit company in another county. Section 1176, Digest."

In *Coca-Cola Bottling Co.* v. *Swilling*, 186 Ark. 1149, 57 S. W. 2d 1029, Swilling sued several local defendants in Pope county. He joined the corporation as a co-defendant, and served it in Pulaski county. The corporation moved to dismiss on the ground that the complaint did not state a joint cause of action, that it was not served in Pope county, and that it would not be subject to judgment unless judgment be obtained against the local defendants. This court held that no cause of action was stated against the local defendants. The precedent of *Howe* v. *Hatley*, 186 Ark. 366, 54 S. W. 2d 64, was applied. This was a case involving individual defendants. The court further held that § 1178 applied to the corporate defendant and dismissed the proceeding for the reason that no cause of action was shown against the local defendant.

In *Hot Springs Street Ry. Co.* v. *Henry*, 186 Ark. 1094, 57 S. W. 2d 1050, which primarily involved the question of collusive service on the local defendant, the opinion expressly states that § 1178 "Does permit a defendant to be sued, not only in the county of his residence, but in another county in which he is found and is served with process." This statement of the law is qualified by a holding that the process must be *bona fide*, and not collusive. The "defendant" in this case, so served in an adjoining county, was a corporation.

Many other decisions to the same effect are to be found in the Reports. It is not necessary that these be

cited. The cases reviewed sustain the view that §§ 1176 to 1178 apply to corporations, and that the term "defendant" as used therein, is all-inclusive.

Section 1152 was designed solely to provide venue and jurisdiction of only such suits as one may desire to file in the particular county in which the corporation shall keep or maintain a branch office. But for this statute, a domestic corporation domiciled in Pulaski county, but having a branch office in Sebastian county, where it is extensively engaged in business, would not be subject to suit in the latter county. The purpose was to remedy this condition. The Legislature evidently held the view that if a corporation domiciled in Pulaski county, and subject to suit there only (unless joined with a local defendant and sued under § 1176), deemed it advisable to extend its activities by engaging in business in Sebastain county, and, in so doing, violated a contract with, or committed a tort upon, a citizen of Sebastian county, such citizen should be able to find redress therefor in the courts of Sebastian county, and not be relegated to the courts of the domicile of the corporation. Nevertheless, neither this statute, nor any other, would interfere with the right of a plaintiff to file a transitory action in a given county against a local defendant; whereupon, a defendant, though a corporation, alleged to be jointly liable, having a branch office or place of business in another county, and thereafter, by proper service of process on both the local defendant and upon the agent of the corporation having such branch office in another county, would be required to answer, or fail to do so at its peril.

To construe the sections otherwise would amount to a discrimination between individuals and corporations, favoring the latter to the detriment of the former. Here it is not necessary to invoke § 1152. The simple proposition is that under §§ 1176-78, if a local defendant be sued in a transitory action, and proper service be had on him, then it necessarily follows that the court can obtain jurisdiction over defendants in other counties, be they natural or artificial, by having proper process on them.

It appears from the answer that the appellee was not admitting the broader agency of Van Sickel; also, that proof was available to develop that which the records in the office of the secretary of state reflect—that is, Van Sickel was agent for the state. If such had been shown, appellee was properly served, and its subsequent reliance on §§ 1176 to 1178 was provided for—this because of the right afforded the nonresident defendant, so summoned, to make objection at any time when it appears that the action is discontinued or dismissed, or judgment rendered, in favor of the local defendant. Of course, in this particular case, the local defendant was not exonerated until the jury returned the verdict. Thereupon, objection was properly made.

In *Federal Land Bank* v. *Gladish*, 176 Ark. 267, 2 S. W. 2d 696, in commenting on the *Seelbinder* v. *Witherspoon* case (124 Ark. 331, 187 S. W. 325), and pointing out the procedure had therein, it is said: ''This is the procedure pointed out by the statute in cases of that kind, and, no matter what his pleading had been up to that time, as soon as a non-suit was taken as to the person served in the county, or if a verdict was rendered in favor of the person served in the county, then, in either event, the defendant served without the county would be entitled to a judgment in his favor.''

A distinction seems to have been drawn between those cases, in which a single defendant who when served with defective process, moves to quash and thereafter by answer, or other pleading, invokes the jurisdiction of the court, and that class of cases, such as we have here, wherein service is obtained under §§ 1176-78. Such distinction appears to have been recognized and pronounced in *Fidelity Mutual Life Insurance Co.* v. *Price*, 180 Ark. 214, 20 S. W. 2d 874. In this case suit was filed against an insurance company in Arkansas county and process duly had. The insurance company became the ''local defendant.'' A banking corporation in Pulaski county was alleged to be jointly liable, and service under § 1176 was thereafter had. The bank moved to quash service of summons, which was overruled, and exceptions taken. Thereafter, the bank moved for a continuance, asked for

further time to file answer, contested certain motions, and presented its own motion to transfer the cause to the chancery court. This court recognized the general rule of practice that ''any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance.'' However, in recognition of the exception, it was said: ''As the service on the bank was obtained by virtue of 1176, the bank, under § 1178, is not bound by the general rule, for it might at any time before judgment was rendered, object to the jurisdiction of the court and thus preserve its rights, and if the case as to its co-defendant should be dismissed, or judgment rendered in favor of the co-defendant, the bank would be entitled to dismissal as to it.''

Under the sound rule announced in the case just cited, there appears this construction: The bank, regardless of its action in asking for affirmative relief, had the right when its joint defendant in another county was released from liability by this court in reversing the judgment against the insurance company, to become availed of the protection afforded by § 1178, and the fact that it had asked for affirmative relief after having objected to the jurisdiction of the court was no bar to the right to which it was entitled. This decision was handed down in 1929, and the rule as to voluntary entrance of appearance in *Anheuser-Busch* v. *Manion,* 193 Ark. 405, 100 S. W. 2d 672, was not promulgated until January, 1937. Therefore, at the time *Fidelity Mutual Life Company* v. *Price, supra,* was decided, actions similar to those taken by the bank would have been construed as a voluntary appearance. In abrogating that policy of law, the opinion in the Anheuser-Busch case said:

''By that rule one who has successfully defended his position and has established the fact by appeal that the effort to capture him was wrongful is told that because he struggled to avoid capture he must now surrender. Though he prove the trial court had no jurisdiction of his person, he is remanded to the processes of that court on account of the very fact that he has established the wrongful exercise of those processes. A theory so tech-

nical, so inconsistent, and so anomalous, should have no place in modern law.''

The action of the trial court in setting aside the verdict of the jury as to its findings of liability against appellee is sustained. The judgment dismissing the cause is reversed, and the cause remanded with directions to reinstate the complaint, and for such further proceedings as may be appropriate.

SMITH, J., concurs.