COMMERCIAL UNION FIRE INSURANCE COMPANY v. HANSEN.

4-7012                                          170 S. W. 2d 1012

Opinion delivered April 5, 1943.

613

*Verne McMillen* and *Shepard & Lewandoski,* for appellant.

*Tom F. Digby,* for appellee.

McHANEY, J. On December 5, 1940, Christian L. Seemel parked his car in front of a business building in Hazen, Arkansas, owned by appellee, and went in the building on business. While his car was so parked a part of the parapet wall, a metal awning and a large Neon sign which had been erected by John P. Baird, d.b.a. as Little Rock Advertising & Posting Company, fell upon and damaged said car in the sum of $137.73. Appellant had issued its extended coverage policy on said car and paid Seemel said amount. It then brought this action in the Pulaski circuit court against appellee and Baird to recover said amount and alleged the damage was caused by the negligence of both. Service was had on Baird in Pulaski county, he being a resident thereof, and service was had on appellee in Prairie county. Appellee moved to quash the service on her which was overruled. Appellee and Baird answered separately with a general denial and each filed a cross-complaint against the other.

Trial to a jury resulted in a verdict for Baird and against appellee. Before judgment was rendered on the verdict, appellee moved that the cause be dismissed as to her and that no judgment be rendered against her under the provisions of § 1400 of Pope's Digest. The court sustained that motion and dismissed the complaint against her notwithstanding the verdict.

To reverse this judgment as to appellee, appellant relies upon the provisions of Act 317 of 1941, p. 794. This act is entitled "An Act to fix the venue of action for damages to personal property by wrongful act and to provide for the service of process therein." It reads as follows: Section 1. "Any action for damages to personal property by wrongful or negligent act may be brought either in the county where the accident occurred which caused the damage or in the county of the residence of any *bona fide* defendant to the action, or in any county where personal service may be had upon him, and provided further that in any such action service of summons may be had upon any party to such action in addition to other methods now provided by law by service of summons upon any agent who is a legal employee of such party engaged in the business of his principal at the time of such service; and provided further that process may issue in any such action directed to the sheriff of any county in the state and service by him therein shall be valid.

"Section 2. This act shall not repeal any provision for venue of actions except such as are inconsistent herewith and all laws and parts of laws in conflict herewith are hereby repealed."

It will be noticed that the venue of such actions is limited to three places: (1) it may be brought in the county where the accident occurred; (2) in the county of the residence of any *bona fide* defendant; and (3) "in any county where personal service may be had upon him." The "him" as used undoubtedly means any *bona fide* defendant. The only change in existing law made by said act was to permit the action to be brought in the county where the accident occurred which caused the damage. After prescribing the venue of a number of

particular actions from §§ 1387 to 1397 of Pope's Digest, it is then provided in § 1398: "Every other action shall be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." Under this statute it has been held that service of summons upon all the defendants may be made in other counties than that in which the action is brought, if at its commencement any of them resided in the county where it was brought. *Fowler* v. *McKennon*, 45 Ark. 94. We have also held that the resident defendant must be a *bona fide* defendant. *Wernimont* v. *State*, 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913D, 1156; *Hot Springs Street Ry. Co.* v. *Henry*, 186 Ark. 1094, 57 S. W. 2d 1050. We have also many times held that where service was had on a nonresident defendant by virtue of § 1398, no judgment can be had against the nonresident where the resident defendant was exonerated by the verdict, if timely objection is made, all as provided in § 1400 of Pope's Digest.

No intention is manifested by said Act 317 to repeal § 1400. There is no express repeal of any law, except such as are in conflict and it expressly provides it "shall not repeal any provision for venue of actions except such as are inconsistent herewith," and we see no inconsistency between them. *Coca-Cola Bottling Co.* v. *Swilling*, 186 Ark. 1149, 57 S. W. 2d 1029; *Harger* v. *Okla. Gas & Elec. Co.*, 195 Ark. 107, 111 S. W. 2d 485.

Appellant says the suit was brought under the provision of Act 317 that places the venue of a property damage action in the county of any *bona fide* defendant, and that the determination of the case rests almost solely on the question of whether Baird, the resident defendant, was a *bona fide* defendant. We think he was a *bona fide* defendant and that if the jury had returned a verdict against him and appellee, the evidence would have sustained a judgment thereon. We disagree with appellant in the contention that, if Baird is a *bona fide* defendant, then it is entitled to a judgment against appellee on the verdict under Act 317, because § 1400 has been repealed. We think that section has not been repealed, and that the only reason appellee could be sued in Pulaski county over her objection was because Baird, a resident defend-

ant, was joined in the action, and since Act 317 did not change the existing law of venue in this regard, it confers no greater right to sue in Pulaski county than existed under § 1398 of Pope's Digest, which was not repealed. In other words, the only excuse for suing appellee in Pulaski county was that Baird, a resident defendant, was joined therein. When Baird passed out by the jury's verdict, appellee's right to be discharged, *non obstante veredicto,* arose by reason of § 1400 of Pope's Digest which has not been repealed.

Appellant also says the purpose of Act 317 was to prevent a multiplicity of suits. Such may be, but it appears to us that one of the purposes was to create a new place of venue, that is, in the county where the accident causing the damage occurred, regardless of the residence of the defendant or defendants.

The judgment is accordingly affirmed.

SMITH, J., (dissenting). As appears from the majority opinion the case presented the question whether the injury to Seemel's car was caused by the negligence of Baird in erecting the sign which fell on the car or whether it was the negligence of Mrs. Hansen in maintaining her building that caused the sign to fall.

The verdict of a jury was required to determine this question of fact; both Baird and Mrs. Hansen were sued. Both were *bona fide* defendants. Each filed an answer denying any negligence and each filed a cross-complaint alleging that the negligence of the other had caused the damage.

The verdict found that Mrs. Hansen was the negligent party and a verdict was returned in favor of Baird. The verdict against Mrs. Hansen was set aside upon the supposed authority of § 1400, Pope's Digest, the theory being that as Mrs. Hansen resided and was served in Prairie county there could be no judgment against her in Pulaski county, inasmuch as her co-defendant, who resided in and was served in Pulaski county, had been discharged by the jury.

Now this would be good law but for Act 317, Acts 1941, p. 794. This act did not repeal § 1400, Pope's Digest, but did effect a change as to the venue of actions for damages to personal property. Its title is "An Act to Fix the Venue of Actions for Damages to Personal Property by Wrongful Act and to Provide for the Service of Process Therein."

It appears to us who dissent that the majority have failed to give effect to this Act and that one of its obvious purposes has been thwarted by the majority opinion. The act plainly and expressly confers jurisdiction upon the courts "in the county of the residence of any *bona fide* defendant"; not of some particular defendant, but of any defendant, and the controlling question would, therefore, appear to be, whether Baird, a resident of Pulaski county, was a *bona fide* defendant, and it is not questioned that he was.

Mrs. Hansen must have so regarded him, for she filed a cross-complaint against him.

Act 317 does not repeal § 1400 of Pope's Digest. It supplements it. Prior to the passage of Act 317 this § 1400 provided for the rendering of a judgment against a defendant residing in a county other than the county in which the suit was brought, where judgment was rendered against the resident defendant.

Now Act 317 was designed to prevent a multiplicity of suits and authorizes the bringing of a suit for property damage in the county of the residence of any *bona fide* defendant and the test of jurisdiction would appear to be whether the parties served were *bona fide* defendants.

The defendants were residents of different counties, one of them in Pulaski county, the other in Prairie, and this Act 317, as applied to the facts of this case, was intended to confer jurisdiction upon the courts of either county. Had the suit been brought in Prairie county, as it might have been, and had the verdict there been against Baird, and not against Mrs. Hansen, then under the majority opinion Baird would go acquit, notwithstanding the verdict of the jury.

Act 317 of 1941 was, no doubt, suggested by Act 314 of 1939. Each is a venue act. The Act of 1939 fixes the

venue of actions for personal injury or death. The Act of 1941 fixes the venue of actions for damage to property. Each creates a new site of venue.

In the case of personal injury actions the venue is fixed by the 1939 Act (a) in the county where the accident occurred, or (b) in the county of the residence of the plaintiff.

In the case of property damage the venue is fixed by the 1941 Act (a) in the county where the accident occurred, or (b) in the county of the residence of any *bona fide* defendant.

Neither the Act of 1939 nor the Act of 1941 repeals § 1400 of Pope's Digest, but, without reference to that section, each of these acts prescribes a new venue, one applicable to personal injury actions, the other to actions for damages to personal property.

In our opinion the Pulaski circuit court had jurisdiction of this case, just as the Prairie circuit court would have had, and we think it was error to set aside the judgment against Mrs. Hansen.

I am authorized to say that Justices ROBINS and McFADDIN concur in the views here expressed.