Intl. Harvester Co. et al *v.* Lyle Brown, Circuit Judge

5-4043                                    408 S. W. 2d 504

Opinion delivered November 21, 1966

*Owens, McHaney & McHaney* and *Autrey & Goodson,* for appellant.

*Charles A. Potter,* for appellee.

Paul Ward, Justice. This is a Petition for a Writ of Prohibition asking this Court to enjoin the Circuit Judge from proceeding further in a damage suit filed in his court in Miller County.

The pertinent facts, which are not in dispute, are hereafter briefly stated.

On February 28, 1966 Arney Hayes filed a suit, in Miller County Circuit Court, against the International Harvester Company (called International) and Eaton, Yale & Towne, Inc. (called Eaton) for damages resulting from the purchase of an allegedly defective truck from International, parts of which had been manufactured by Eaton, and "that by reason thereof defendants

breached the implied warranty of merchantability''. The complaint alleged: that International was a foreign corporation, authorized to do business in Arkansas, and that the designated agent for service is The Corporation Company, 221 West Second Street in Little Rock, and; that Eaton is also a foreign corporation, and its designated agent for service was R. G. Hengst, 100 Erieview Plaza, Cleveland, Ohio. The prayer was for judgment against both defendants in the sum of $3,298.94. Service of summons on International was had on its agent in Little Rock, and service on Eaton was had by mailing a copy of the summons to its office in Ohio.

To the above complaint the defendants (petitioners herein) filed separate ''Motions to Quash Service'', alleging: Both are foreign corporations, duly qualified to do business in Arkansas; both have registered agents for service in Little Rock, and; neither has a place of business or officer in Miller County.

The allegations in the motion not being disputed, the trial court overruled said motion as to International, holding its designated agent in Little Rock was served and that Miller County was the proper venue. The court sustained the Motion to quash as to Eaton because service was attempted by mailing the summons and a copy of the complaint by registered mail to R. G. Hengst in Cleveland, Ohio. The court further held, however, that Eaton had a designated agent for service in Little Rock and that service on that agent would give Miller County jurisdiction.

Both petitioners objected to the above ruling of the trial court, and they now petition this Court to enjoin further proceedings in Miller County.

All parties agree that only one decisive question is presented to this Court, to-wit: Is the action below governed by Ark. Stat. Ann. § 27-611 (Repl. 1962), as contended by respondent, or by Ark. Stat. Ann. 27-613

(Repl. 1962), as contended by petitioners.

For reasons hereafter set forth we have concluded the petitioners are correct, and that the Writ of Prohibition must be granted.

Section 27-611, relied on by respondent, reads:

"Any action for damages to personal property by wrongful or negligent act may be brought either in the county where the accident occurred which caused the damage or in the county of the residence of the person who was the owner of the property at the time the cause of action arose."

We construe this section to apply only where there has been "personal injury" or where there has been actual force or violence—such as a collision between two automobiles. This is the interpretation placed on the statute in *Terry* v. *Plunket-Jarrell Grocery Co.*, 220 Ark. 3, 246 S. W. 2d 415, and we think the decision is sound. No such factual situation exists in the case under consideration. Here Hayes' cause of action is predicated on a breach of contract, or on a breach of an implied warranty.

Section 27-613 reads:

"Every other action may be brought in any county in which the defendant, or one of several defendants, resides or is summoned."

It is here admitted that neither of the petitioners resided in or was served in Miller County.

It is to be noted that section 27-611 originated as a part of Act 317 of 1941, but that section 27-613 is an exact copy of § 96 of the Civil Code of Arkansas. Section 27-613 is clearly shown to be a "venue" statute. It is preceded in the Code by more than ten other sections relating to venue in different factual situations, none of which include those in this case.

It cannot be disputed that section 27-613 applies to

corporations. See: *Harger* v. *Oklahoma Gas & Electric Co.*, 195 Ark. 107, 111 S. W. 2d 485.

Writ granted.