EVANS LABORATORIES, INC. AND ELMER PEARSON
v. RUSSELL C. ROBERTS, CIRCUIT JUDGE

5-4380                                    423 S. W. 2d 271

Opinion delivered January 29, 1968

*John B. Thurman,* for petitioners.

*Jones & Stratton,* for respondent.

J. FRED JONES, Justice. The petitioners seek a writ of prohibition directed to the Faulkner County Circuit Court prohibiting the judge of that court from proceeding further in the trial of a law suit for lack of jurisdiction.

Sue Bradford, a resident of Van Buren County, Arkansas, filed a suit as plaintiff in the Faulkner County Circuit Court, alleging that the defendant, Elmer Pearson, is a resident of Faulkner County and is an employee and agent of the defendant, Evans Laboratories, Inc., an Arkansas corporation; that on or about October 6, 1966, the defendants sold to plaintiff's employer, Climatic of Clinton, Inc., insect eradication service including the actual pesticide to be used in and about the plant

where Sue Bradford worked in Clinton, Van Buren County, Arkansas.

The complaint alleges that the defendants sold the pesticide services, including the pesticide itself, for the purpose of eradicating pests and insects and there was an implied warranty in favor of Sue Bradford, as an employee of Climatic, that such pesticide was reasonably fit for the use for which it was intended and would not be harmful or injurious when used and sprayed in close proximity to human beings; that the pesticide was so used in the plant in Van Buren County and that plaintiff came in contact with the pesticide in the plant where she worked, and because of having done so she became violently ill.

The complaint alleges that the defendants breached an implied warranty for the reason that such pesticide was not in fact fit for its intended use and purpose, and when it was put to its intended use, the plaintiff sustained personal injuries and damages as the direct and proximate result of the defendants' breach of warranty. Summons was served on the defendant, Elmer Pearson, in Faulkner County and on the defendant, Evans Laboratories, Inc., in Pulaski County.

The defendants appeared specially on a motion to quash the summons and dismiss the complaint for lack of jurisdiction in the Faulkner County Circuit Court for the reason that the defendant, Evans Laboratories, Inc., had no place of business, or agent for service, in Faulkner County, Arkansas, and for the reason that the plaintiff was a resident of Van Buren County, Arkansas, and the incident causing the damages complained of, occurred in that county. The trial court overruled the motion.

Petitioner contends that plaintiff's action was for damages for personal injury and must be brought in Van Buren County where the accident causing the in-

jury occurred and where the plaintiff resided at the time of the injury.

Respondent contends that the action is a suit on contract and may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned. The respondent urges us in this case to decide once and for all, whether a suit for breach of warranty is a suit on contract or a suit in tort. Whether a suit for breach of warranty sounds in contract or in tort depends upon the nature of the suit, the nature and extent of the warranty, and the effect or results of the breach. Regardless of whether a suit for a breach of warranty is on contract or in tort, venue for an action is not controlled by such classification, but is controlled by venue statute.

Ark. Stat. Ann. § 27-610 (Repl. 1962) provides as follows:

"All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

All other actions not provided for by specific statute are provided for by Ark. Stat. Ann. § 27-613 (Repl. 1962), as follows:

"Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned."

In the case at bar, the complaint alleged personal injuries in breach of contract, but the plaintiff brought

her action *for damages for personal injury by wrongful act* in Faulkner County where she did not reside, and where the accident which caused her injury did not occur.

The venue for this action is in Van Buren County and the circuit court of Faulkner County is without jurisdiction.

Writ of prohibition is granted.