CLYDE SARRATT D/B/A WALDRON STAVE COMPANY v. CROUCH EQUIPMENT COMPANY, INC., ET AL

5-4727                                                     434 S.W. 2d 286

Opinion Delivered December 9, 1968

776

*Donald Poe* for appellant.

*Bethell, Stocks, Callaway & King* and *Wright, Lindsey & Jennings;* by *Phillip S. Anderson* for appellees.

PAUL WARD, Justice.    The sole issue on this appeal relates to the question of venue.    The facts presently summarized are not in dispute.

On January 18, 1968, Clyde Carratt, d/b/a Waldron Stave Company (appellant) filed a Complaint in the circuit court of Scott County against Crouch Equipment Company, Inc. (appellee—referred to as Crouch) and Cummins Diesel Sales Corporation (appellee—referred to as Cummins).    The complaint contained, in substance, the following material allegations:    (a)    Appellant, located in Scott County, operates a stave business and owns a truck used in long distance hauling; (b) appellant delivered said truck to appellees for purpose "of installing a rebuilt motor" and making other repairs for which work they were to receive $4,500 and which he had paid; (c) appellees carelessly and negligently installed a defective motor (supplied by Cummins), pistons and other parts, which caused the motor to break down, resulting in damages to the truck in the amount of $7,000, and also caused a loss of time to the extent of $2,990.    The prayer was for judgment against appellees in the amount of $9,990.

Summons was issued by the clerk of Scott County to the sheriff of Pulaski County for service on Cummins, and, to the sheriff of Sebastian County for service on

Crouch.

In proper time both appellees filed separate Motions to Quash said issuances of service on the ground that the circuit court of Scott County "lacked venue over the parties and subject matter of this cause of action".

After the submissions of memorandum briefs the trial court sustained both Motions and dismissed the cause of action.    This appeal follows.

The thrust of appellant's argument for a reversal is that this is an action based on tort and not on breach of contract, and that, therefore, venue is controlled by Ark. Stat. Ann. § 27-611, which reads:

> "Any action for damages to personal property by wrongful or negligent act may be brought either in the county where the accident occurred which caused the damage or *in the county of the residence of the person who was the owner of the property at the time the cause of action arose.*" (Emphasis ours.)

This construction of the statute however has been construed by this Court contrary to appellant's contention.

In the case of *Intl. Harvester Co. et al v. Lyle Brown, Circuit Judge*, 241 Ark. 452, 408 S.W. 2d 504, we construed the cited statute, based on facts similar to those here, and said:

> "We construe this section to apply only where there has been 'personal injury' or where there has been actual force or violence—such as a collision between two automobiles."

Here, appellant does not even contend any "personal injury" or any "force or violence" is involved. He does

however distinguish the cited case from this case on the ground that it was based on breach of warranty and not on contract—as here. We point out, however, that this distinction was obliterated by our decision in *Evans Laboratories, Inc. and Elmer Pearson v. Russell C. Roberts, Circuit Judge,* 243 Ark. 987, 423 S.W. 2d 271. There this same question arose, and we said:

> "Regardless of whether a suit for a breach of warranty is on contract or in tort, venue for an action is not controlled by such classification, but is controlled by venue statute."

It is our conclusion that the decision of the trial court was correct, and it is, therefore, affirmed.