Jim HOOPER *v.* Carl ZAJAC, d/b/a BLUE HILL GARAGE et al

81-182                                    627 S.W. 2d 2

Supreme Court of Arkansas
Opinion delivered January 25, 1982

*Guy Jones, Jr.,* for appellant.

*E. H. Herrod,* for appellees.

GEORGE ROSE SMITH, Justice. Hooper, a resident of Faulkner county, filed this suit in the Faulkner circuit court, asserting one cause of action against Zajac and a different cause of action against Edwards and Chapman. All three defendants moved to quash the summons on the ground that they reside in Pulaski county and must be sued there. Hooper filed a reply alleging that his cause of action is asserted not in contract but in tort and particularly under Ark. Stat. Ann. § 27-611 (Repl. 1979), which is a venue statute. The trial judge, without hearing testimony, sustained the motion and dismissed the action, finding that the defendants reside in Pulaski county, where the alleged acts occurred. The Court of Appeals certified the case to us under Rule 29 (1) (o) and (4). We affirm as to Zajac, but reverse as to Edwards and Chapman.

The complaint alleges that at Hooper's request Zajac, who operated a wrecking service, hooked his wrecker to Hooper's car to transport it to Conway, but instead Zajac took the car to his place of business, where it remained for ten days. When Hooper "recovered his vehicle, the two front wheels had been removed, battery, and there had been other damage to said automobile while in possession of . . . Zajac. Plaintiff claims damages to his vehicle in the aggregate amount of $200.00 for property damage." There are other vague assertions of loss, but the only prayer for relief against Zajac is for the $200 already specified. The question is whether such an action can be brought in the county where the owner of the damaged property resides.

Our 1939 Venue Act provided that actions for personal injury or death must be brought in the county "where the accident occurred" or in the county where the injured person resided. Ark. Stat. Ann. § 27-610. The act was defective in that a person injured in a highway accident might have to sue for his personal injuries in one county but for his property damage in another county, where the defendant resided. By Act 182 of 1947 the legislature remedied that defect by providing that an action for damages to personal property by wrongful or negligent act may be brought in the county where the accident occurred which caused the damage or in the county of the plaintiff's residence. By Act 830 of 1977 the law was amended to provide also that an action for the conversion of personal property may be brought in the county of the residence of the person who owned the property when the cause of action arose. § 27-611.

Hooper's complaint against Zajac does allege that Zajac removed two wheels and the battery from the vehicle, but the complaint is not for the conversion of those parts, which are not separately valued. Instead, the cause of action is for damages to the vehicle in the aggregate amount of $200 *for property damage*. Thus no cause of action for conversion is stated against Zajac. What the complaint does state is a cause of action for Zajac's breach of contract, which may have been negligent or tortious conduct. Even so, we have consistently held that the amendment to the Venue Act, permitting an action for damages to personal property by wrongful or

negligent act, refers only to damage caused by an accident involving force or violence. *Sarratt* v. *Crouch Equipment Co.*, 245 Ark. 775, 434 S.W. 2d 286 (1968); *Evans Laboratories* v. *Roberts*, 243 Ark. 987, 423 S.W. 2d 271 (1968); *International Harvester Co.* v. *Brown*, 241 Ark. 452, 408 S.W. 2d 504 (1966). There being no assertion of an accident in this case, the trial court correctly sustained Zajac's motion to quash service.

As to Edwards and Chapman, the complaint alleges that they have in their possession household goods, furniture and other property belonging to Hooper, that they have failed and refused to allow Hooper to pick up his property, and that they have retained it and refused to deliver it, without just cause. Those allegations describe a conversion as we have frequently defined that term. *Quality Motors* v. *Hays*, 216 Ark. 264, 225 S.W. 2d 326 (1949); *Meyers* v. *Meyers*, 214 Ark. 273, 216 S.W. 2d 54 (1948); *Hooten* v. *State for Use of Cross County*, 119 Ark. 334, 178 S.W. 310, LRA 1916C, 544 (1915). The venue as to Edwards and Chapman is therefore in Faulkner county under § 27-611.

Affirmed as to Zajac, reversed as to Chapman and Edwards.