Ellis BEATTY *v.* Hon. Andrew G. PONDER,
Circuit Judge

82-148                                    642 S.W.2d 891

Supreme Court of Arkansas
Opinion delivered December 13, 1982

*Hoyt Thomas* of *Thomas, House & Gardner,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Mary B. Stallcup,* Asst. Atty. Gen.; and *Leroy Blankenship* of *Harkey, Walmsley, Belew & Blankenship,* for respondent.

42

ROBERT H. DUDLEY, Justice. Venue is the issue of this case. The plaintiff, a resident of Sharp County, filed suit in the Circuit Court of Sharp County against the defendant, a resident of Cleburne County. The complaint stated that plaintiff delivered his houseboat to defendant to repair a leak but defendant negligently allowed the boat to sink into Greers Ferry Lake and, as a result, plaintiff suffered property damages. After service of summons in Cleburne County, defendant moved to dismiss for lack of venue in the Circuit Court of Sharp County. The trial court denied the motion. Defendant now seeks a writ of prohibition to prevent the trial court from exercising jurisdiction. Jurisdiction of the petition for the writ of prohibition is in this Court pursuant to Rule 29 (1) (f). We grant the writ.

Plaintiff chose not to follow Ark. Stat. Ann. § 27-613 (Repl. 1979) which provides that actions other than those specifically provided by other statutes may be brought in any county in which the defendant or one of several defendants resides or may be summoned. Instead, plaintiff filed the lawsuit in the county of his residence. It is admitted that petitioner was not served in Sharp County. Thus, the question is whether an action for damages to personal property can be brought in a county when the only connection with that county is the residence of the plaintiff. The answer is found in our interpretation of Ark. Stat. Ann. § 27-611 (Repl. 1979), the statute which allows venue in the county where the owner of the property resides. We have consistently limited the application of § 27-611 to actions involving actual force or violence. *Hooper* v. *Blue Hill Garage*, 275 Ark. 5, 627 S.W.2d 2 (1982). In the case before us the complaint states a cause of action for damages to personal property as the result of a breach of contract. The breach of contract is alleged to involve an accident, which may have been a result of either negligent or tortious conduct, but it is not alleged to have involved force or violence. Because there is no assertion of an accident involving force or violence, § 27-611 is inapplicable to this case. *Hooper* v. *Blue Hill Garage, supra,* citing *Sarratt* v. *Crouch Equipment Co.,* 245 Ark. 775, 434 S.W.2d 286 (1968); *Evans Laboratories, Inc.* v. *Russell C. Roberts, Circuit Judge,* 243 Ark. 987, 423 S.W.2d 271 (1968); *International*

*Harvester Co.* v. *Lyle Brown, Circuit Judge,* 241 Ark. 452, 408 S.W.2d 504 (1966). Therefore, since venue was improper in Sharp County, the trial court should have sustained the motion to dismiss.

Prohibition to the circuit court is the proper remedy in this case. *International Harvester Co.* v. *Lyle Brown, Circuit Judge, supra.*

Writ granted.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I think the majority misinterprets Ark. Stat. Ann. § 27-611 (Repl. 1979). The plain language of the statute appears to me to allow an action for damage to personal property, caused by the negligence of another, to be brought in the county of the plaintiff's residence. The statute reads as follows:

> 27-611. Actions for damages to or conversion of personal property. — Any action for damages to personal property by wrongful or negligent act, or for the conversion of personal property, may be brought either in the county where the accident occurred which caused the damage, or in the county where the property was converted, or in the county of the residence of the person who was owner of the property at the time the cause of action arose.

Nowhere in the above-quoted language does the statute mention that an accident, to come under the provisions of § 27-611, must involve force or violence. The majority's reliance upon this extraneous requirement is nothing short of judicial legislation.

There are other statutes relating to venue. They are Ark. Stat. Ann. §§ 27-610, 612 and 613 (Repl. 1979). The relevant portion of § 27-610 states:

> All actions for damages for personal injury or death by wrongful act shall be brought in the county where the

accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury . . .

The provisions of § 26-612 state in pertinent part:

All civil actions for the recovery of damages brought against a non-resident of the State of Arkansas may be commenced in the county where the accident occurred which caused the injury, or death, or in the county where the person injured, or killed, resided at the time of the injury.

In § 27-613 it is said:

Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned.

It is obvious that neither § 27-610 nor 612 applies. Ark. Stat. Ann. § 27-613 applies to all other actions not provided for in the preceding sections. There are other venue statutes which are not involved in the present case.

Plaintiff's complaint sought to recover damages for the negligence of defendant in causing damage to plaintiff's houseboat. There is no doubt that a houseboat is personal property. It seems to me that this cause of action more appropriately fits into the category of the language contained in § 27-611 than any of the others. None of the cases cited in the majority opinion held that facts such as were alleged in the present complaint could not be properly brought pursuant to this statute. The majority relies upon *Evans Laboratories, Inc. v. Roberts, Circuit Judge,* 243 Ark. 987, 423 S.W.2d 271 (1968). In reading this case I find that it was an action for breach of contract and implied warranty. The opinion dealt with Ark. Stat. Ann. §§ 27-610 and 613. The venue statute here in question was not even mentioned in *Evans.* The majority also relies on *International Harvester Co. v. Brown, Circuit Judge,* 241 Ark. 452, 408 S.W.2d 504 (1966). The action in *International Harvester* was for breach of contract or implied warranty and merchantability

of a truck. Neither case concerned negligent injury to personal property. The third case relied upon by the majority is *Hooper* v. *Blue Hill Garage*, 275 Ark. 5, 627 S.W.2d 2 (1982). In *Hooper,* we stated:

> ... What the complaint does state is a cause of action for Zajac's breach of contract, which may have been negligent or tortious conduct. ... There being no assertion of an accident in this case, the trial court correctly sustained Zajac's motion to quash service.

I am of the opinion that none of the cases relied upon by the majority control the present factual situation.

The plaintiff claimed damages to personal property resulting from the negligent conduct of the defendant which clearly comes under the language of Ark. Stat. Ann. § 27-611. Therefore, I would uphold the ruling of the trial court.