### SEELBINDER *v.* WITHERSPOON.

#### Opinion delivered May 29, 1916.

1. JUDGMENTS—SERVICE OF SUMMONS—COUNTY OTHER THAN DEFENDANT'S RESIDENCE.—A. and B. were sued in justice court in S. County. A. resided in C. County and was served with process there. B. was served in S. County. Judgment was rendered against the parties, who appealed to the circuit court, A. having objected to the court's jurisdiction in both courts. In the circuit court plaintiff took a nonsuit as to B., judgment being rendered against A. *Held*, A. was not properly served, and having objected to the court's assumption of jurisdiction in apt time, the judgment against him would be reversed and dismissed.

2. JUDGMENTS—IMPROPER SERVICE—APPEALS.—Where a party is improperly served, the trial court not acquiring jurisdiction, the cause will be dismissed on appeal, and this will not be affected by the fact that defendant appealed from the judgment of the trial court, and filed a claim for set-off, where it appeared that he had objected to the court's exercise of jurisdiction in apt time.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; reversed.

*E. L. Matlock,* for appellant.

1. The court had no jurisdiction for want of proper service. The motion to dismiss should have been granted. Kirby's Digest, § § 6074, 4555, 4558; 59 Ark. 593; 77 *Id.* 412; 84 *Id.* 573; 63 *Id.* 30.

2. By filing a counterclaim, appellant did not waive his objections, nor make the court his forum. Kirby's Digest, § 6093; 57 Ark. 500; 70 *Id.* 505; 80 *Id.* 339; 88 *Id.* 153; 95 *Id.* 118; 108 *Id.* 283; 31 *Id.* 345; 55 *Id.* 312; Kirby's Digest, § 6231.

3. Nor did appellant waive his objections by appeal. The cases 45 Ark. 295, and 101 *Id.*, 124, are not in point. He renewed his objections on appeal.

4. The evidence is not sufficient to support the verdict and the instructions are erroneous. 92 Ark. 437.

*Kimpel & Daily,* for appellee.

1. Appellant was properly summoned. Kirby's Digest, § 4558.

2. By appealing he entered his appearance. 101 Ark. 124; 45 *Id.* 295; 69 *Id.* 429; 84 *Id.* 573; 85 *Id.* 431; 62 *Id.* 144.

3. He submitted to the jurisdiction by filing a counterclaim. 131 S. W. 860; 34 Cyc. 660; 50 Hun 566; 34 Wisc. 139; Kirby's Digest, § 6231.

4. The evidence is ample to sustain the verdict. No exceptions were saved to the instructions. 88 Ark. 505; 89 *Id.* 25; 94 *Id.* 147; 113 *Id.* 463.

SMITH, J. This is a suit for damages which was brought originally before a justice of the peace of Sebastian County against appellant and his son Hugo. The suit grew out of an automobile collision in the city of Fort Smith on May 13, 1915. Before the trial in the justice's court, appellant filed the following motion:

"Comes the defendant, A. Seelbinder, and states to the court that he was served with the summons in this action in Crawford County, Arkansas, where he resided at the time this suit was commenced, and at the time the summons was served and where he now resides.

"Wherefore, he objects to being put upon trial in this cause in Sebastian County, Arkansas, and objects to the proceedings of this court in this cause against him, because he is a resident of Crawford County, and the sum-

mons in this suit was served upon him in said county, and prays an order and judgment of the court dismissing the action.''

The other defendant, Hugo Seelbinder, was personally served with summons in the township where the suit was brought. This motion was overruled, whereupon appellant filed an answer denying liability, and alleging that the collision was the result of negligence on the part of plaintiff (appellee), and judgment was asked for the damages done appellant's automobile. On the trial, in the justice court, there was a judgment against appellant and his son Hugo, and an appeal was prosecuted to the circuit court. When the case was called for trial in the circuit court, all parties appeared and announced ready for trial, whereupon, before any evidence was offered, appellee asked and obtained permission to take a nonsuit as to Hugo Seelbinder, and the cause was dismissed as to him. Whereupon, appellant renewed his objection to the cause proceeding against him and read his motion to the court, and, over his objection and exception, the trial proceeded and resulted in a verdict against him for damages. Before judgment was rendered on the verdict, appellant again objected to a judgment being entered against him for the reasons set forth in his motion, and because there was no finding or judgment against his co-defendant, which motion was overruled, and the judgment was rendered from which this appeal is prosecuted.

Appellee now insists that the proof did not substantiate the fact that appellant was a resident of Crawford County. But the motion was not overruled because the fact was not established, but because it was not a defense. The evidence at the trial developed the fact that appellant was a resident of Crawford County, and the motion was renewed before judgment was pronounced, when it was again overruled, manifestly for the same reason which prompted the court to overrule it in the first instance.

Appellee insists that the question of the sufficiency of the service is foreclosed by the fact that appellant filed

a counterclaim, and also by the fact that he prosecuted an appeal from the adverse judgments of both the justice and the circuit court.

If it be conceded that appellant's claim for damages to his own automobile constituted a proper subject for a counterclaim, we think that neither the fact that it was filed, nor the fact that an appeal was taken from the judgment of the justice of the peace, precluded appellant from filing his motion to quash the service when the state of the record permitted that motion to be filed. Nor does the appeal to this court have the effect of entering his appearance here.

The authority for this suit against appellant as a resident of Crawford County, where he was served with process, in the courts of Sebastian County, is found in section 6074 of Kirby's Digest, which section reads as follows:

"Sec. 6074. Where any action embraced in section 6072 is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of a summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county or resided therein at the commencement of the action, or where, if any of them resided, or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him."

This section has been several times construed by this court. In the case of *Wernimont v. State,* 101 Ark. 219, Justice Frauenthal, speaking for the court, said:

"It is the policy and spirit of our law, enacted into statute by our Legislature, that every defendant shall be sued in the township or county of his residence. To this general principle there are statutory exceptions, chiefly in cases where there is a joint liability against two or

more defendants residing in different counties. In such cases it is provided that suits may be brought in the county of the residence of any of the defendants, and service of summons can then be had upon the other defendants in any county, thereby giving jurisdiction over their persons to the court wherein the suit is thus instituted. Kirby's Digest, sections 6072 and 4558. But before this jurisdiction can be acquired by virtue of these statutes over the person of such defendants, nonresident of the county wherein the suit is instituted, it is essential that the defendant resident of the county where the suit is brought shall be a *bona fide* defendant. By our statute, it is further provided that, before judgment can be had against such nonresident defendants, a judgment must be obtained against the resident defendant. Kirby's Digest, section 6074.''

In the case of *Wood* v. *Stewart,* 81 Ark. 41, the service was had on defendant Bell in Miller County and on his co-defendant Stewart in Crawford County, where the suit was brought. It was later alleged by Stewart, in an attack which he made on the judgment, that he had been joined in the suit only for the purpose of procuring service on Bell in Crawford County and not for the purpose of enforcing the judgment against him. The court, refused him the right to make this showing, and in discussing the service of process there had, said:

"In the action against Bell and Stewart in the circuit court Bell did appeal and object to the proceeding against him, but the judgment against his co-defendant who resided in the county barred him absolutely from objecting to the exercise of the court's jurisdiction. He was bound to submit to that jurisdiction unless the action had been discontinued or dismissed as to Stewart, or judgment rendered in his (Stewart's) favor.''

In the case of *Stiewel* v. *Borman,* 63 Ark. 30, Abe, Joe, Ed and Harry Stiewel were sued in the Johnson Circuit Court for damages for personal injuries. The three defendants last named answered and denied any

ownership or interest in the mine where the injury occurred for which the damages were asked.  The remaining defendant did not answer, but filed a motion to quash the summons as to himself on the ground that he was illegally served with process in Pulaski County, the suit having been brought in Johnson County.  A verdict was returned in favor of Joe and Harry Stiewel and against Abe and Ed Stiewel.  Upon appeal to this court the judgment was reversed as to Ed Stiewel, whereupon, in a discussion of the sufficiency of the service of process as to Abe Stiewel, the court said:

"As to the sufficiency of the service of the summons upon Abe Stiewel in Pulaski County for a basis of judgment against him, section 5698 of Sandels & Hill's Digest (Section 6074 of Kirby's Digest) is decisive.  That section is as follows: (After quoting the section the opinion continues:)  According to this statute, appellee is not entitled to judgment in this action against Abe Stiewel, although he may be entitled to recover against him, unless judgment is recovered against one of the defendants who resided in the county in which the action was brought at its commencement, or was summoned in such county, or he fails to object before judgment to its proceeding against him."

Appellee strongly insists that appellant made the justice court his own forum when he filed his counterclaim, and that he can not, therefore, now question the process by which he was brought into court.  But as has been shown, he never came voluntarily into court, and he filed his answer and cross-complaint only after his motion had been overruled, and this motion was renewed and pressed at every opportunity.  Section 6074 gives the defendant who is sued upon a transitory cause of action in a county other than that in which he resides, or was served with process, the right to object to the service at any time before judgment is rendered against him, except upon the conditions there stated, and the statute makes no exception against the defendant thus served who has filed an

answer and counterclaim, and we can not read the exception into the statute. When the nonsuit was taken as to Hugo Seelbinder, appellant's right to object to the service arose, and he could not object before that time, but the objection was made in apt time and should have been sustained, and for the error of the court in not sustaining his motion, the judgment will be reversed and the cause dismissed.