### HURST v. DAVIES.

#### Opinion delivered March 7, 1927.

JUDGMENT—DEFAULT—PROOF OF CAUSE OF ACTION.—It was error to render judgment for plaintiff on an open account not sworn to, without proof of its correctness, though defendant refused to go to trial where his case was called.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; modified.

*W. N. Ivie,* for appellant.

HUMPHREYS, J. Appellee instituted suit against appellant in the circuit court of Washington County for an alleged balance of $227.90 due on a note, and an alleged balance of $338.33 due on an open account. Neither the complaint nor the account was sworn to.

On the 26th day of October following, being the first day of the October term of said court, appellant was

given until November 2, 1925, to file an answer, on which date he filed a duly verified answer, admitting that he owed the alleged balance upon the note, and the balance of $84.22 upon the open account, but denying specifically that he was indebted for items charged on the open account up to January 26, 1925, totaling $215.11, and alleging that he was entitled to a total credit of $80 on the undenied part of the account for attorney's fees for representing appellee in three cases.

On the 13th day of November, 1925, the case was called for trial, whereupon appellant announced that he could not go to trial on account of the absence of his attorney, who had been excused by the court, and because his papers were locked up where he could not get them. The court refused to postpone the case until a later date, either at the regular or adjourned term of the court, and rendered judgment, over appellant's objection and exception, on the presentation of the note and without hearing any evidence on the disputed items of the account and credit claimed thereon.

On the 8th day of December, 1925, which was an adjourned date of the October term of court, appellant filed a motion to set the judgment aside on the ground that it was prematurely rendered. The court overruled the motion, whereupon an appeal was duly prosecuted to this court from the judgment.

The trial court committed reversible error in rendering judgment upon the open account without any proof being introduced of its correctness, even though appellant refused to go to trial when the case was called. The answer, however, admitted the alleged indebtedness on the note and a balance of $84.22 on the account. If appellee will enter a remittitur within 15 days so as to reduce the judgment to the amount of the admitted indebtedness, the judgment will be modified and affirmed as modified; otherwise it will be reversed, and the cause remanded for a new trial.