## BARNES *v.* BALZ.

### Opinion delivered March 28, 1927.

1. VENUE—WAIVER OF OBJECTION.—Under Crawford & Moses' Dig., § 1176, 1178, providing that certain causes of action may be instituted in the county where the defendant or one of several defendants resides or is summoned, a defendant summoned in a county not of his residence, who appears and makes no objection to the suit proceeding against him before judgment, is deemed to have waived his right to do so.

2. JUDGMENT—AUTHORITY TO ENTER DEFAULT AFTER SUSTAINING DEMURRER.—Where the court sustained a demurrer to a complaint, it could not subsequently, without amendment of the complaint and without setting aside the order sustaining the demurrer, enter a default judgment against the defendants.

3. PLEADING—PROOF TO SUSTAIN COMPLAINT.—Where the allegations of a complaint are specifically denied by answer, it was error to enter judgment for plaintiff by default; the action not being founded on a verified account, and in the absence of an affidavit that no good and valid defense existed.

4. VENUE—OBJECTION TO VENUE AVAILABLE WHEN.—Under Craw-
ford & Moses' Dig., § 1776, defendants, not residents of the county
in which the action is brought, after dismissal of the action as to
defendant, whose joinder authorizes suit in that county, have a
right to object to any judgment being rendered against them.

Appeal from Randolph Circuit Court; *John C. Ash-
ley,* Judge; reversed.

## STATEMENT BY THE COURT.

Appellee commenced this suit in the Randolph Cir-
cuit Court on a $4,000 policy issued by the South Arkan-
sas Mutual Fire Insurance Association, and alleged that
he became a member of said association by application
made by his agent, George William Balz, on November 14,
1924, for fire insurance on the Balz Hotel, paying for the
membership and premium for insurance $80 required;
that, under the agreement, the insurance was to be effec-
tive from the date of the application; that, subsequent to
the execution of the application for insurance and pay-
ment of premium, the property insured, the hotel build-
ing, burned on November 22, 1924, and was a total loss;
that, subsequent to the fire, a policy from the South
Arkansas Mutual Insurance Company was delivered to
him, which stipulated the divisions in which plaintiff was
to have insurance, designated as Division Nos. N-298,
amount of insurance $1,000; R-187, amount of insurance
$1,000; S-182, amount of insurance $1,000; T-182, amount
of insurance $1,000.

It was further alleged that, without the knowledge of
plaintiff, $1,800 in insurance had been taken out on the
building by a creditor, upon which had been realized the
sum of $1,240, the proportionate part due from this com-
pany, and that the proportion due under the said $4,000
policy is $2,760; that the said South Arkansas Mutual
Fire Insurance Association, subsequent to the fire, was
taken over by the Modern Mutual Insurance Company,
defendant, "under an arrangement to the effect that the
said Modern Mutual Insurance Company should be liable
for its obligations."

Plaintiff states that the said South Arkansas Fire Insurance Association was a mutual assessment association, and that the said Modern Mutual Fire Insurance Company is a mutual assessment association; alleged further that the insurance was in divisions containing a certain number of members; that the members in these respective divisions "have already been assessed by the defendant's officers on the basis of a $4,000 liability," and that, in view of the fact that the membership in said divisions was charged the levy and assessment of $5 on each member, which would yield the sum of $1,500, one-third of which was to go toward the payment of expense of management of defendant company, two-thirds of which amount was to be paid to the beneficiary; "that the membership in each of the aforesaid divisions is now far below the number sufficient to yield the said amount of $1,500 on assessment, and that the assessments, if collected in full on each of the divisions in which plaintiff has $1,000 insurance, will amount to not more than $2,760;" alleged the proof of loss was made to the defendant and the aforesaid South Arkansas Mutual Fire Insurance Association, and that assessments were made on the membership within which defendant's insurance was placed on a basis of a $4,000 liability, and that the said assessments have been collected by the defendant, two-thirds of which sum amounts to more than the sum of $2,760.

A judgment was prayed against the defendant in the sum of $2,760. A copy of the certificate from the South Arkansas Mutual Fire Association was filed as an exhibit, and summons was issued directly to the sheriff of Pulaski County on the 17th day of June, 1925.

Plaintiff next moved to make X. O. Pindall a party, who was receiver of the defendant, Modern Mutual Insurance Company, which had gone into his hands as receiver since the service of summons on it. The summons was issued to Pulaski County, and served on the receiver on the 29th day of June.

Plaintiff then filed an amendment to the complaint and a motion to make the bondsmen parties, alleging that the predecessor of the Modern Mutual Insurance Company, defendant, was the South Arkansas Mutual Fire Insurance Association, which was taken over and became the Modern Mutual Insurance Company about the first day of March, 1925; that it had executed a bond on the 10th day of December, 1923, as required by law, and approved by the Insurance Commissioner, with appellants sureties thereon, and that the bond had been breached by the South Arkansas Mutual Fire Insurance Association, to plaintiff's injury in the sum of $2,760; that the defendant took over the assets of the South Arkansas Mutual Fire Association on such terms that it became responsible for all the liabilities of its said predecessor, executed its bonds by its president, Joe Bailey, and Wm. B. Womack, its secretary, and with Joe Bailey, L. W. Watson, W. B. Womack, John A. Cobb and Z. A. Copeland as sureties, conditioned as required by law; that this bond was approved by the Insurance Commissioner on February 11, 1925; that each of said bonds is in the sum of $20,000 and, "plaintiff states that the defendant, Modern Mutual Insurance Company, took over the assessments collected for the plaintiff by the South Arkansas Mutual Fire Insurance Association, and plaintiff alleges that the bond of both the South Arkansas Mutual Fire Insurance Association and the said bond of Modern Mutual Insurance Company and the sureties thereon are each jointly and severally liable to this plaintiff for the amounts sued for." Prayed judgment that all such sureties, naming them, be made parties defendant, and that his original complaint with the amendment be considered his complaint against all the defendants and prayed judgment accordingly.

This motion and amendment to the complaint was verified by plaintiff's guardian and next friend on January 21, 1926, and process issued to Union and Pulaski counties on the 30th of June, 1925.

On the 22d day of July, 1925, the bondsmen filed a general demurrer and separate answer to the motion to make them parties and amendment to the complaint, and, without waiving their rights under the demurrer, denied the execution of the bond of December 5, 1923, or any other date; denied the execution on February 11, 1925, or any other date, of bond for the Modern Mutual Insurance Company; denied that said company took over any assessments collected for the plaintiff by the South Arkansas Mutual Fire Insurance Association, and that the bond of said fire insurance association or the sureties is liable to the plaintiff in any way, for any amount sued for, or any other amount; denied that the sureties on the bond of the Modern Insurance Company were in any way liable to the plaintiff for the amount sued for, or any amount; that any assessments were collected for the plaintiff, either by the Modern Mutual Insurance Company or the South Arkansas Mutual Fire Insurance Association.

The demurrer was confessed and sustained, and the plaintiff given thirty days leave to amend its complaint, and the defendants were given thirty days to answer, and the cause continued until the 5th day of the next term of court.

On January 18, 1926, the attorney for the defendants, upon leave of the court, withdrew from the case, and, on the 22d, the fifth day of the regular January term, plaintiff took a nonsuit and dismissed his case as to the defendants, Modern Mutual Insurance Company, the receiver, and each and all of the sureties on its bond.

The judgment recites it appeared that appellants had been duly served in Union County, Arkansas, on July 3, 1925, and that said defendants did, on the 22d day of July, 1925, file an answer herein, which answer was unverified, denying the allegations of the complaint of the plaintiff, and that the attorney for the defendants had withdrawn from the case by leave of the court; that they were no longer represented, and failed to appear; recited that the complaint was verified; that the South Arkansas

Mutual Fire Association had ceased to exist as a corporation, and that, prior to then, it had collected $2,760 of the policy holders of the company on the policy of insurance issued to the plaintiff, which it had failed to pay over, and that the said bondsmen were liable to the plaintiff for that sum, less a small balance, and rendered judgment therefor, with interest, from which an appeal was granted by the clerk of the Supreme Court.

*Allyn Smith,* for appellant.

KIRBY, J., (after stating the facts). Appellants insist that none of them was ever served with process in Randolph County, where the fire loss occurred and the suit was brought, and that suit was not brought against the insurance company of which they were sureties on the bond, and no service was ever had upon it, and that judgment could not be rendered against them there.

The statute does provide that certain causes of action may be brought in the county in which the defendant or one of several defendants resides or is summoned, and also that, where the action embraced in said section of the statute (1176 Crawford & Moses' Digest) is against several defendants, plaintiff shall not be entitled to judgment against any of them on the service of summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county or resided therein at the commencement of the action, unless judgment is recovered against the defendant upon whom service was had in the county. If the defendant summoned in another county appears, however, and makes no objection to the proceeding against him before judgment rendered, he is deemed to have waived his right to do so.

The statutes also provide that actions against insurance companies of the kind herein may be brought in any county in the State where the loss occurs, and that the sureties on the bond given by the company may be joined in such action. This suit was not brought in the first instance against either the sureties on the bond of the South Arkansas Mutual Fire Association nor against it.

The South Arkansas Mutual Fire Association was never made, or attempted to be made, a party to this suit, and a motion to make additional parties as an amendment to the complaint was filed, and these appellants, residents of Union County, sureties on the bond of said company, and also the sureties on the bond of the Modern Mutual Fire Insurance Company, were made parties defendants, and brought into court.

They filed a general demurrer to the complaint and amendment, and, without waiving any rights thereunder, filed an answer, denying the execution of the insurance bond or any liability to the plaintiff on any account whatever. The demurrer was thereupon confessed and sustained, and the plaintiff given thirty days to amend and defendants thirty days in which to answer the amended pleading. No amendment to the pleadings was filed, however, the attorney for defendants was allowed to withdraw from the case, the suit was dismissed as to the Modern Mutual Insurance Company, the original defendant and all its bondsmen, and on the same a judgment rendered by default, and without any evidence introduced against these appellants, sureties on the bond of the old South Arkansas Fire Insurance Association.

The court having determined by order, on confession of the demurrer, that the complaint did not state a cause of action against defendants, and granted leave to amend, could not thereafter, without overruling and setting aside such order, proceed to trial on the original complaint adjudged insufficient. No amendment having been made or proposed under permission granted therefor, the complaint should have been dismissed. Certainly the court could render no judgment by default thereon without proof against these parties to the suit, whose answer was properly filed, denying all the material allegations of the complaint. *Hurst* v. *Davis,* 291 S. W. 799.

The verification of the complaint in the instant case, the action not being founded upon an account, nor the affidavit in form such as is required to prove an account (§ 4200, Crawford & Moses' Digest), and it not being

in form an affidavit on the merits that no good and valid defense existed to the action, made no other or greater proof necessary on the side of the adverse party, the defendants. (§ 1214, C. & M. Digest).

Since appellants, the sureties on the South Arkansas Mutual Fire Association bond, could not be made parties to a suit over their objection in any county but that of their residence, except upon their being joined in the suit against their principal and maybe its successor in liability, they would have had the right to object after the non-suit or dismissal of the action as against the defendant, Modern Mutual Insurance Company, and the sureties on its bond, to any judgment being rendered against them at all.

For the errors committed in rendering judgment by default against them on a complaint already adjudged insufficient as not stating a cause of action, and without the introduction of testimony to support the claim over the allegations of the answer denying specifically and generally the allegations of the complaint and any liability thereunder, the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.