748

*J. G. Waskom* and *Arthur L. Adams,* for petitioner.

*Sam T. & Tom Poe, Glenn Walther* and *Ward Martin,* for respondent.

McHANEY, J.   Petitioner is a domestic corporation with its principal office and place of business in Osceola, in Mississippi county.   It has a resident agent for service of summons at Marked Tree, in Poinsett county. Two personal injury actions were brought against it in Poinsett county, service being had on said resident agent, on October 16, 1940.   In one of said actions H. F. Gray was the plaintiff and in the other Margaret Anne Gray, a minor, by said H. F. Gray as her father and next friend, was plaintiff.   Each complaint alleged that the plaintiff

is a resident of Pulaski county, and that the cause of action arose out of a collision between a truck of petitioner and an automobile in which the plaintiffs were riding, in Osceola, in Mississippi county, on August 27, 1937. Each complaint alleged serious and permanent injuries, and prayed damages in large amounts, on account of the alleged negligent operation of said truck.

On the return day of the writ, petitioner appeared specially in each case and filed a motion to dismiss on account of the provisions of act 314 of 1939, generally referred to as the "Venue Act." Said motions were argued and submitted to the court, the regular circuit judge sitting and presiding, and they were taken under advisement. At the next regular term of said court, which convened on May 12, 1941, at which the respondent was presiding on exchange, said motions were again argued to respondent who made and entered an order overruling same. Petitioner then presented its petition for writs of prohibition in the two cases which have been consolidated and briefed together.

We think the court erred, not in overruling the motions to dismiss, but in not treating them as motions to change the venue, and in not transferring them to either Pulaski county, where plaintiffs reside, or did reside at the date of the injury, or to Mississippi county, where the injury occurred. The fact that the injury occurred in 1937 and that the suit was brought in October, 1939, before said act 314 became effective because it was referred to the people by petition and was voted upon and adopted November 5, 1940, does not alter the situation. In the very recent case of *Fort Smith Gas Co.* v. *Kincannon, Judge, ante,* p. 216, 150 S. W. 2d 968, the exact point was decided against the respondent's contentions. There, the complaint was filed in Crawford county on November 4, 1940, by a plaintiff residing in Sebastian county to recover damages for personal injuries alleged to have been sustained in Sebastian county against a corporation domiciled in Sebastian county. It was said there: "Act 314 declares the public policy in regard to actions of this character, and this policy would apply alike to suits pending when the act became effective as

well as to those thereafter brought in the absence of a saving clause as to pending suits." And again, it was there said: "Here, the legislative will is that for one to recover damages to compensate a personal injury he must sue therefor either (a) in the county in which he was injured or (b) in the county in which he resided at the time of his injury; and there is no exception or saving clause in favor of pending suits." What we there said is controlling here and this case is ruled by that in favor of petitioner.

In order to clarify the question of service under said act 314, the legislature of 1941 enacted act 21, entitled "An Act to provide for statewide service of process in local actions." Section 1 thereof reads as follows: "In any action which may lawfully be brought only in some one or more particular counties in this state, and not in any county of the state in which service may be had on the defendant, so that the venue of such action is local and not transitory in nature, summons may be served upon the defendant or defendants in such action in any county in this state."

Respondent, while conceding the force of the Fort Smith Gas Co. case, *supra,* undertakes to distinguish this case from that in that here the suit was filed in the county where the resident agent for service resided, whereas in that there was no resident agent in Crawford county. We think this distinction is unimportant. In that case, service was good, as here, under existing law when the actions were commenced, but act 314 changed the venue of existing actions, those already brought as well as those thereafter to be brought, and localized such actions to one or the other of the two counties named. It is not a question of service, but a question of venue, and the circuit court of Poinsett county is without jurisdiction to proceed with the trial of these cases. It should have treated said motions to dismiss as ones for change of venue, and have sustained them by ordering a removal either to Pulaski or to Mississippi county, Osceola district, as the plaintiffs may elect, they having such right of election in the first instance.

The writ of prohibition will be awarded.

MEHAFFY, J., dissents.