STEVENS v. GILLIAM.

4-9806

251 S. W. 2d 241

Opinion delivered June 23, 1952.

Rehearing denied October 13, 1952.

868

*Henry Stevens* and *A. A. Thomason,* for appellant.

*Melvin E. Mayfield* and *Surrey E. Gilliam,* for appellee.

ED. F. McFADDIN, Justice. This is a suit by a lawyer for his fee. Many extraneous matters have been brought into the record and the briefs, some going back as far as 1927; but we will attempt to present the contested issues in their simplest form.

Stevens and several other parties were interested in a judgment previously obtained against Martin. Stevens had a definite percentage interest in the judgment. Gilliam represented some of the other parties who had an interest in the judgment, and Stevens employed Gilliam to also represent him. Gilliam filed a proceeding in the Ouachita Chancery Court, seeking to uncover Martin's property and subject it to execution. Martin then settled with Stevens direct, and Stevens gave Martin a receipt in full for all of Stevens' part of the judgment.

When Gilliam learned that Stevens had settled with Martin, Gilliam filed in the said Chancery proceedings— on August 25, 1950—a pleading setting up his employment by Stevens, and seeking judgment against Stevens and Martin for the fee claimed by Gilliam for representing Stevens. Such pleading is authorized by § 25-301 *et seq.* Ark. Stats.; but insofar as Stevens was concerned,

the pleading by Gilliam against him was also similar to a suit on account.

Stevens and Martin filed separate defenses to Gilliam's suit against them, and the case proceeded to trial. After Gilliam had finally rested the presentation of his case, the Court dismissed Martin from the litigation. Then without any objection or motion of any kind, Stevens proceeded to put on his proof. At the conclusion of all the evidence, the Court rendered judgment against Stevens and in favor of Gilliam for $350; and Stevens has appealed.

I. *Venue.* Stevens now insists that when the Court dismissed as to Martin, the Court lost jurisdiction as to Stevens, citing the following cases: *Wernimont* v. *State,* 101 Ark. 210, 142 S. W. 194; *Seelbinder* v. *Witherspoon,* 124 Ark. 331, 187 S. W. 325; *Federal Land Bank of St. Louis* v. *Gladish,* 176 Ark. 267, 2 S. W. 2d 696; *Murrell* v. *Exchange Bank,* 168 Ark. 645, 271 S. W. 21, 44 A. L. R. 1391; *Fidelity Mutual Life Ins. Co.* v. *Price,* 180 Ark. 214, 20 S. W. 2d 874; and *Commercial Union Fire Ins. Co.* v. *Hansen,* 205 Ark. 612, 170 S. W. 2d 1012.

Stevens' contention is based on § 27-615 Ark. Stats., which was involved in the previously cited cases. These hold that when there is an action against several defendants and one of them is served in a County other than that in which the suit is pending, then if the action be discontinued against the resident defendant, no judgment can be rendered against the defendant served in another County, "unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceedings against him." Stevens has apparently overlooked the language just quoted above. Assuming without deciding that this § 27-615 is the controlling statute under all of the facts in this case, nevertheless, Stevens cannot prevail under the said statute because *there was no objection by Stevens to the venue of the Ouachita Chancery Court at any time before the decree was rendered.* In *Barnes* v. *Balz,* 173 Ark. 417, 292 S. W. 391, we said:

"If the defendant summoned in another county appears, however, and makes no objection to the proceedings against him before judgment rendered, he is deemed to have waived his right to do so."

In *Harger* v. *Okla. Gas & Elec. Co.*, 195 Ark. 107, 111 S. W. 2d 485, earlier cases, including most of those cited by the appellant, were reviewed, and it was there pointed out that if a defendant served in another county desires to raise the question of venue when the action is dismissed as to the local defendant, then such non-resident defendant must make timely objection to the judgment before it is rendered. In the case at bar, there was no such objection made until the case reached this Court on appeal; so we hold that the appellant has waived any question of venue.

II. *Gilliam's Right to Recover a Fee.* The issues upon which the case was tried were: (a) Did Stevens employ Gilliam?; and (b) the value of Gilliam's services. As to the matter of employment, the record reflects that on July 12, 1948, Stevens wrote Gilliam a letter, reading in part:

"The position I am in, I prefer, insofar as my interest is concerned, to pay you in cash a reasonable fee for your service."

Then when Stevens was testifying, the following occurred on cross-examination:

"By Mr. Gilliam:

"Q. Did you agree, Mr. Stevens, as your letter here states, to pay me a reasonable fee as soon as we could agree on the amount and the amount of service performed, as your letter states, and we never did agree on the amount. A. That was on condition you would tell me what services you had done for me. Q. And you thereafter refused to confer with me on the question of the fee? A. No, sir, I said tell me what services you had done for me. At the time I didn't know whom you had sued. I knew you had brought suit—you reported to me in the letter—I recall you notified me you had sued on the Mandy Johnson judgment.

"Mr. Gilliam: That's all."

Gilliam testified as to the value of his services, and was supported by other witnesses. The amount of $350 as fixed by the Court is fair and reasonable.

The decree is in all things affirmed.