CRUTCHFIELD *v.* MCLAIN.

5-1676                                    321 S. W. 2d 217

Opinion delivered March 2, 1959.

*Kaneaster Hodges,* for appellant.

*Fred M. Pickens, Jr.,* for appellee.

CARLETON HARRIS, Chief Justice.   Fred Crutchfield, appellant herein, instituted suit in the Jackson County Circuit Court against Clarence McLain, appellee, for property damage to his automobile in the sum of $725, allegedly damaged as a result of a collision which occurred on October 6, 1954, in Independence County. The complaint alleged that Crutchfield was a resident of Jackson County.   McLain filed an answer and cross complaint, denying the material allegations, and alleging that any damage was the result of negligence and carelessness of appellant.   The cross complaint sought damages in the amount of $1,150.   A jury was impaneled, and the cause proceeded to trial.   Appellant was the first witness, and his testimony resulting in placing

148

his residence, at the time of the collision, in doubt.[1] At the conclusion of his testimony, appellee moved that the complaint be dismissed because the testimony reflected that appellant was not a resident of Jackson County, Arkansas "at the time of the filing of the suit or at the time of the accident, and that the accident occurred in Independence County, Arkansas, and the defendant is a resident of Independence County, Arkansas." After permitting further examination of appellant by his counsel, the court granted the motion and dismissed the complaint, holding that "it has not been definitely established that the plaintiff is a resident of Jackson County." From the judgment dismissing such complaint, appellant brings this appeal. For reversal, it is first urged that the evidence established appellant's residence in Jackson County, Arkansas, and second, that appellee waived any improper venue. Under our view, hereinafter expressed, we consider the latter assertion to be controlling, and will accordingly confine our discussion to that point.

The court's ruling was based on the provisions of Section 27-611, Arkansas Statutes (1947) Annotated

[1] From the testimony:
"Where did you live on October 15, 1954? A. I was staying with my father near Newark. Q. Where did you work? A. At Victor Metals. Q. Did you ever live at Newport? A. I have. Q. On or about October 15, 1954? A. Afterwards. * * * Q. I believe you said that at the time of this accident you and your wife were living with your parents in Independence County? A. That's right. Q. Did you move to Newport after that? A. Yes, we did. I was staying with my father and mother until the place got open, a place owned by Mrs. J. W. Younger, until the people moved out. Q. How long was it after that until you moved down here? A. It wasn't too awful long, about a month or so. * * * Q. Where is the scene of this accident, was it in Independence County? A. It is in Independence County. * * * Q. Did you have a place in Newport? A. I had the rent paid. Q. Where was that? A. 1505 McClain. Q. Did you eventually move there? A. Yes, sir. Q. When? A. Just as soon as the people could move out and she could clean up the place. Q. Did you remember how long after the accident it was? A. I had the rent paid for a month in advance; the people were moving out, it was 11 or 12 days after. Q. Did you move in then? A. Just as soon as she got it cleaned up. Q. Did you have the rent paid before the accident? A. Yes. I also had a poll tax in Jackson County. Q. At that time? A. Yes. * * * Q. If I understand you right, you say that on the evening the collision occurred you had plans to move to Jackson County? A. Oh, yes. Q. But you had not done so yet? A. No, * * *."

(Act 317 of 1941, as amended by Act 182 of 1947), which provides as follows:

"Any action for damages to personal property by wrongful or negligent act may be brought either in the county where the accident occurred which caused the damage or in the county of the residence of the person who was the owner of the property at the time the cause of action arose."

This is a venue statute, in contradistinction to a jurisdictional statute, and of course, venue can be waived, as we have many times held. As stated in *Chapman & Dewey Lumber Co.* v. *Bryan,* 183 Ark. 119, 35 S. W. 2d 80:

"It is familiar law that one may submit to a jurisdiction which could not otherwise be acquired, and that one does submit who, without questioning the jurisdiction, enters an appearance, and it has been many times decided by this court that any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance, and an appearance cannot be more completely entered than by filing an answer, and this, as we have said, the appellant company did without raising any question as to the jurisdiction of the court."

A number of cases are then cited to substantiate this holding. This view is also stated in *Corpus Juris Secundum,* Vol. 6, Sec. 18, Subsection (e), page 57:

"Unless there is a stipulation reserving to defendant the right to object to venue, the circumstances are such that no objection can properly be made to the venue at the time of the appearance, or the objection is properly raised when the appearance is first made, a general appearance by some act which goes to the merits, does not raise the objection and implies that the court has jurisdiction to proceed with the cause is ordinarily a waiver of the objection that the venue is wrong, whether it be because defendant is privileged to be sued only in the county or district of his domicile, or in a particular court; because defendant is sued in a different county or court,

when the cause of action arose in another county than the one in which suit is brought, or because the action is brought in a county or district in which neither plaintiff nor defendant resides; and this is so although defendant subsequently seeks to w i t h d r a w his appearance. * * *,,

Likewise, in American Jurisprudence, Vol. 56, Sec. 40, page 44:

"As a general rule, the failure to object specifically to a wrong venue before demurring or pleading to the merits constitutes a waiver of the objection. Clearly, a failure to raise the objection before trial that an action was instituted in the wrong county will operate as waiver of the objection. * * *,,

Appellee argues that he accepted the statement appearing in the verified complaint that appellant was a resident, until, by appellant's own evidence, it was proved that he was not a resident of Jackson County; that there was nothing on the face of the verified complaint to indicate any lack of venue or jurisdiction on the part of the circuit court, and that he moved to dismiss as soon as he learned that appellant actually had been a resident of Independence County at the time of the acts alleged in the complaint. Of course, such a situation as here exists would only infrequently arise, as ordinarily, the residence of a plaintiff is known by a defendant before he files any pleading. However, we are unable to see that appellant's argument in this respect, can afford any relief. In the *Chapman* case, *supra,* an answer had been filed by the defendant, because this Court had previously upheld a statute, providing that service of summons upon a foreign corporation doing business in this state "shall be sufficient service to give jurisdiction over such corporation to any of the courts of this State, whether the service was had upon said agent within the county where the suit is brought or not." See *Power Manufacturing Co.* v. *Saunders,* 169 Ark. 748, 276 S. W. 599. On the same day this answer was filed, the *Power* case was reversed by the United States Supreme Court, which held that the statute was unreasonable and arbitrary,

and in violation of the equal protection clause of the 14th Amendment to the Constitution of the United States as applied to foreign businesses doing business in the state; subsequently, the defendant company in the *Chapman* case filed a motion to withdraw the answer previously filed, and sought to dismiss the cause for want of jurisdiction. The motion was denied, and this Court sustained the action of the trial court in denying the motion, pointing out that appellant, though having the same privilege to question the jurisdiction of the trial court, as did the appellant in the *Power* case, had not done so, but instead, had filed a general appearance denying liability. So, we think it immaterial that appellee did not previously know the facts concerning appellant's residence, and this would be true even though such facts could not have been ascertained by investigation prior to the filing of the answer. Of course, where one perpetrates a fraud, *i. e.,* knowing full well that he is not a resident of a particular county, institutes his suit in that county simply because he wants the case tried there, a different issue would be presented. In the case before us, there is no indication in the record, nor is it argued, that the suit was brought with other than *bona fide* intent. Had his intent been otherwise, appellant's testimony likely would not have raised the issue of residence in the first place.

Appellee recognizes that venue can be waived in a transitory action, but insists that this is not true in a transitory action localized by statute. It is true that the question of waiving the requirement as to the county in which the action should be brought is more limited in the latter type actions, but we think, under our cases, this mainly applies where the question of jurisdiction of the subject matter is involved. See *Bruce* v. *Street, Executor,* 206 Ark. 1013, 178 S. W. 2d 489. A like view is expressed in American Jurisprudence, Vol. 56, Sec. 39, page 43, we find:

"Waiver of an objection to the venue of a cause the subject matter of which is within the jurisdiction of the court confers upon the court complete jurisdiction of the

cause. But many authorities are to be found laying down the broad general rule that a court cannot by waiver be given jurisdiction of a local action which properly should have been brought elsewhere, and this rule is not infrequently applied where the action is for damages for an injury to realty. This is certainly true if in making a decree the court would act directly upon realty situated outside of its territorial jurisdiction. So, where a statute specifically provides that actions for the recovery, partition, or determination of an interest or sale of real property must be brought in the county where the real property is situated, there can be no jurisdiction of the subject matter of such an action in any other county. If the court is asked to act on the person of the defendant the action may be tried in any county where the defendant may be served, and a lack of jurisdiction over him may be waived, but when the court is called on to act on real estate it is essential that the action shall be brought within the prescribed territorial jurisdiction, and if not brought there the court is without power to adjudicate the issues either with or without the consent of the parties. * * *''

In the matter before us, the court certainly had jurisdiction of the subject matter, and acquired jurisdiction of the parties when appellee, without preserving any objection to the venue, filed his answer.

The judgment is accordingly reversed, and the cause remanded to the circuit court with directions to proceed in a manner not inconsistent with this opinion.