GLAND-O-LAC CO. v. CREEKMORE, JUDGE.

5-1884-1885                                           327 S. W. 2d 558

Opinion delivered September 28, 1959.

*Shaw, Jones & Shaw,* for petitioner.

*Dale L. Bumpers* and *Mark E. Woolsey,* for respondent.

JIM JOHNSON, Associate Justice. Petitioner asks us to grant writs of prohibition against the Judge of the Circuit Court of Franklin County, Charleston District, directing him to proceed no further with trial of two causes pending in said court wherein Junior Moore is plaintiff in one action and the petitioner, Gland-O-Lac Company, is defendant; and the other wherein Everett Neighbors is plaintiff and the petitioner is defendant.

The suits were commenced by the plaintiffs in the Circuit court of Franklin County, Charleston District, against the petitioner for damages for alleged breach of implied warranty alleged as having been sustained by plaintiffs as a result of the use and administration by them upon their respective flocks of chickens of certain serums and vaccines alleged by plaintiffs as having been manufactured by petitioner and sold by it to the plaintiffs under an implied warranty that such preparations were safe, suitable and effective for the purpose of preventing the disease of larynogtracheitis in and among their chickens; when, in fact, said preparations were not safe, suitable or effective for such use and purpose.

It was shown that the serums and vaccines were sold to plaintiffs by petitioner through its agents from a stock of petitioner's serums, vaccines and other preparations kept by it for sale in a warehouse, rented by it in Springdale, Washington County, upon orders from plaintiffs and that said vaccines and serums were to be delivered by petitioner to plaintiffs, at Moore's Electric Hatchery located in Charleston.

After the sale of the serums and vaccines to plaintiffs, they were used and administered by plaintiffs and under their supervision to their respective flocks

of chickens at their respective farms, each located in Sebastian County.

Service of process was obtained upon petitioner in each of the cases under the provisions of § 27-340, Ark. Stats., by serving the Secretary of State, it being alleged that petitioner is a foreign corporation engaged in the general business of manufacturing and selling serums and vaccines and other medicines and supplies for the treatment of poultry and for the prevention of diseases in poultry; that the petitioner was not qualified under the Constitution and laws of the State of Arkansas as to doing business in this state; and that notwithstanding that petitioner has not qualified under our Constitution and laws as to the doing of business, petitioner is actually engaged in doing business in the State of Arkansas.

After the filing of the suits and the obtaining of service upon the Secretary of State, petitioner filed in each of the cases its Special Appearance and Motion to Quash Service *alleging that Summons was not issued, served, returned or filed in the time and manner required by law; that petitioner is a foreign corporation not authorized to do business in the State of Arkansas and has not designated an agent for service of process in this State; and that petitioner is not, and was not at the times alleged in plaintiff's complaint, doing business in the State of Arkansas.* (Emphasis supplied).

After hearing testimony upon these motions and the responses thereto by plaintiffs, the trial court overruled the motions.

After the motions to quash had been overruled, petitioner filed in each of the cases a demurrer to the complaint reserving its objection to the jurisdiction of the court previously made by Special Appearance and Motion to Quash Service, which was by the trial court overruled, and discovery depositions of each of the plaintiffs were then taken by petitioner.

After taking the discovery depositions, petitioner filed in each of the cases its motion to dismiss for im-

proper venue alleging that venue is governed either by § 27-611 or § 27-612, Ark. Stats. The motion in each case was overruled by the trial court, and thereafter petitioner filed an amendment to each of its motions to dismiss in which it alleged in the alternative that if neither § 27-611 nor § 27-612, Ark. Stats., determines venue, then in such event venue is governed by § 27-608 or § 27-613, Ark. Stats. This amendment was also over-ruled by the trial court. The petitioner then filed in this Court its present petitions for writs of prohibition.

The points relied on by petitioner for reversal are:

1. Venue of these actions is controlled by § 27-611, Ark. Stats.

2. In the alternative, the venue of these actions is controlled by § 27-612, Ark. Stats. (1947).

3. If § 27-611 or § 27-612, Ark. Stats. (1947) is not applicable, then the venue of these actions must be governed by § 27-613, Ark. Stats. (1947).

4. If § 3 of Act 347 of 1947 is construed to permit an action against a foreign corporation to be brought in any county in the State upon service of the Secretary of State, said Act is unconstitutional and void.

5. The petitioner has not waived its objection to the jurisdiction of the court of its person.

Point 4 relied upon by petitioner for reversal will be discussed first.

Section 3 of Act 347 of 1947, § 27-340, Ark. Stats. provides:

"Service of summons when obtained upon any such non-resident as above provided for the service of process herein shall be deemed sufficient service of summons and process to give to any of the courts of this State jurisdiction over the cause of action and over such non-resident defendant or defendants, and shall warrant and authorize personal judgment against such non-resident defendant, or defendants, in the event that the plaintiff prevails in the action."

Petitioner contends that if § 3 of Act 347, being part of § 27-340, Ark. Stats., is construed to permit an action against a non-resident corporation in any county in the state upon service on the Secretary of State, then it is violative of the provisions of the 14th Amendment to the Federal Constitution as construed by the Supreme Court of the United States in the case of *Power Manufacturing Co.* v. *Saunders,* 274 U. S. 490, 47 S. Ct. 678, 71 L. Ed. 1165, holding § 1829 of Crawford & Moses' Digest unconstitutional on the ground that it discriminated against foreign corporations and in favor of domestic corporations and individuals.

In that case we find the following language of the United States Supreme Court:

"The clause in the Fourteenth Amendment forbidding a state to deny any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws . . . *it does not prevent a State from adjusting its legislation to differences in situation or forbid classification in that connection, but it does require that the classification be not arbitrary, but based on a real and substantial difference, having a reasonable relation to the subject of the particular legislation* . . ."

A state is thus permitted to make reasonable, but not arbitrary classifications. Section 3 of Act 347 of 1947 applies only where any foreign corporation not qualified under the Constitution and laws of this state as to doing business herein, shall do any business or perform any character of work or service in this state, and it applies then only to actions accruing from the unauthorized doing of such business, or as an incident thereto.

This is not an arbitrary classification against a non-resident defendant, but is a reasonable one based on a real and substantial difference, and having a reasonable relation to the subject of the particular legislation, and is thus permitted by the Fourteenth Amendment to the Constitution of the United States as held

by the Supreme Court of the United States in the *Power Manufacturing Company* case, *supra.*

Even petitioner agrees in his argument that § 3 of Act 347 is not intended to be a venue provision. This section confers jurisdiction.

After a careful review of the record we find that there is no merit to petitioner's points 1, 2, and 3, relied on for reversal, since these points questioning venue were not raised until after petitioner had filed in each of the cases a demurrer. The filing by the petitioner of the demurrer in each of the cases, even though petitioner reserved its prior Motion to Quash as set out above, was a general entry of its appearance in each case, constituting a waiver of its right to object to improper venue and conferring upon the court jurisdiction of petitioner's person. This further pleading by petitioner accomplished the reverse of petitioner's 5th point relied on for reversal, *i.e.,* waived its objection to the jurisdiction of the court of its person.

In reaching our conclusion upon the question of the right of a defendant to waive an objection to wrong or improper venue, we bear in mind the distinction between venue and jurisdiction, venue meaning the place, that is the county or district wherein a cause is to be tried; and jurisdiction meaning, not the place of trial, but the power of the court to hear and determine a cause, including the power to enforce its judgment, 56 Am. Jur. Venue, § 2; 14 Am. Jur. Courts, § 160-161.

It is well settled that jurisdiction of the subject matter of an action can neither be conferred nor waived by the parties; but jurisdiction of the person may be both conferred and waived by them. See: *Strahan* v. *Atlanta Nat. Bank of Atlanta, Texas,* 206 Ark. 522, 176 S. W. 2d 236; *Coffelt* v. *Nicholson,* 224 Ark. 176, 272 S. W. 2d 309; *Purnell* v. *Nichol,* 173 Ark. 496, 292 S. W. 686.

Therefore, finding no error, the writs of prohibition are denied.