John R. THOMPSON, Trustee *v.* Nina P. DUNLAP

5-4408                                    424 S. W. 2d 360

Opinion delivered February 26, 1968

*Jones & Stratton,* for appellant.

*Robert W. Henry,* for appellee.

George Rose Smith, Justice. James W. Dunlap, at his death in 1957, was a resident of Faulkner county,

where his will was probated. Two-thirds of his estate, consisting of lands in White and Faulkner counties, was left to the appellant as trustee, with directions that he pay $150 a month to the appellee, Dunlap's widow, during her lifetime, with remainder to other beneficiaries. The will provided that in the event of "unusual economic inflation, it is my desire that the Chancery Court shall have authority to adjust the amount of income. . . to be turned over monthly to Nina P. Dunlap."

In 1967 Mrs. Dunlap filed this proceeding in the Faulkner Chancery Court, asserting that as a result of inflation her payments should be increased to $300 a month. The trustee, who resides in Lonoke county and was served with a summons in Pulaski county, questioned the venue and also defended the case on its merits. After a hearing the chancellor held (a) that he had jurisdiction, because Dunlap's estate had been administered in Faulkner county, (b) that the payments should be increased to $200, and (c) that the trustee should file in the Faulkner Chancery Court proceeding a copy of the will and an inventory of the trust property and should thereafter submit annual accountings for the court's approval. By direct appeal the trustee questions all three rulings; by cross appeal Mrs. Dunlap insists that her payments should be fixed at $300 a month.

(a) We do not agree with the chancellor's conclusion that the venue was properly laid in Faulkner county. Venue is governed by statute. This is not a local action within Ark. Stat. Ann. § 27-601 (Repl. 1962), because it does not involve the title to the trust realty. Nor is there any statutory basis for holding that merely because the trust was created by a will probated in the Faulkner Probate Court some ten years earlier, the Faulkner Chancery Court thereby inherited jurisdiction of this suit. The chancery court and the probate court are separate tribunals, each having its own jurisdiction. Ark. Const., Amendment 24; *Lewis* v. *Smith*, 198 Ark.

244, 129 S. W. 2d 229 (1939). Neither court derives its jurisdiction from the other.

If the testator had expressed a desire that the *Faulkner* Chancery Court should have authority to adjust the trust income, it might be said that the appellant agreed to that venue by accepting the appointment as trustee. But the testator referred merely to "the Chancery Court." Some other chancery court might have proved to be the right forum—if, for example, all the interested persons were residents of another county. By elimination we conclude that this proceeding is a transitory action that should have been brought in the county where the defendant trustee resided or was summoned. Ark. Stat. Ann. § 27-613.

With respect, however, to this particular case, as distinguished from others that may arise later on, we agree with the appellee's contention that the trustee waived his objection to the venue. He first appeared specially to file a motion to quash the service, which was overruled. He then filed an answer in which he attempted to preserve his special appearance. The trouble is that he included this request for affirmative relief: "Defendant further pleads by way of his answer that his fees as trustee should be made current and the court should fix a reasonable attorney's fee to be paid from the trust estate as costs in defending this action."

In *Federal Land Bank of St. Louis* v. *Gladish*, 176 Ark. 267, 2 S. W. 2d 696 (1928), we explained why a demand for affirmative relief enters one's appearance: "But one cannot come into court, assert a claim, ask the court for affirmative relief, and then, when there is an adverse judgment, claim that the court had no jurisdiction over his person. If this could be done, the appellant would have the opportunity and advantage of prosecuting its claim and, in case it recovered judgment, it could collect and at the same time take no chances of a judgment against itself."

In that case we were referring to jurisdiction of the person, which is what is involved here. A defeat of venue goes to jurisdiction of the person and therefore may be waived. *Gland-O-Lac Co.* v. *Creekmore,* 230 Ark. 919, 327 S. W. 2d 558 (1959). That is manifestly the right view, there being no sound reason why a defendant should not be at liberty to enter his appearance and try the case in a county other than the one designated by the venue laws.

The point is not argued, but we have not overlooked the possibility that in some situations a defendant might, as a practical matter, be compelled to ask affirmative relief to avoid the risk of losing his rights under the statute that makes the assertion of a counterclaim mandatory. Ark. Stat. Ann. § 27-1121; *Shrieves* v. *Yarbrough,* 220 Ark. 256, 247 S. W. 2d 193 (1952). We do not reach that question here, because the trustee's request that his fees be made current was not a proper counterclaim against the life beneficiary of the trust. Such a request involves primarily the trust property, as the beneficiaries are not personally liable for expenses of the trust. Restatement, Trusts (2d), § 249 (1959). The beneficiaries of the remainder interest in the trust should have been brought into the case if the trustee's compensation was to be determined and paid from the trust assets. Hence, for want of all proper parties, the trustee's failure to ask that his fees be fixed in this proceeding would not have precluded him from seeking that relief at a later date. It is therefore evident that the filing of the appellant's request for affirmative relief was not mandatory under the counterclaim statute. (Even though the request was later withdrawn, it was effective as an entry of the trustee's appearance.)

(*b*) The extent to which economic inflation called for an increase in the monthly payments to the testator's widow was a question of fact in the court below. The trustee relied upon the Government's cost-of-living figures to show that the increase had been only 18.1% since

the testator's death. The appellee's proof would have supported much greater liberality in the award. Much of her testimony, however, went to show that, disregarding her other sources of income, she is unable to live on less than $300 a month. That is not the test, the issue being the extent to which economic inflation demands an increase in the monthly allowance. On conflicting proof we cannot say that the chancellor's decision was against the weight of the evidence.

(c) The chancellor, on his own initiative, decided to supervise the administration of the trust from now on. Had the trustee requested such supervision of his stewardship, the court's action would have been proper. Restatement, *supra*, § 260. But no such request was made. Judicial supervision of a trust unavoidably involves added expense in court costs and attorneys' fees. In the absence of a direction by the creator of the trust that it be so supervised and of any peculiar facts suggesting the desirability of such judicial scrutiny, we are of the opinion that the issue should not be raised by the court on its own motion, however desirable the court may think that course to be. True, the appellee now asks that the court's directive be upheld, but she did not establish even a hint of misconduct on the trustee's part that might call for an annual accounting in the chancery court. We are of the opinion that the decree should be modified to delete the directive that in effect domesticates the trust in Faulkner county.

As so modified the decree is affirmed.

FOGLEMAN AND BYRD, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. Venue means the place, *i. e.*, the county or district wherein a cause of action is to be tried. *Gland-O-Lac* v. *Franklin County Circuit Court*, 230 Ark. 919, 327 S. W. 2d 558. Where the court has jurisdiction of the subject matter in a transitory action, such as this case, and venue is determined by the domicile or residence of the defend-

ant, venue may be waived. *Arkansas Association of County Judges* v. *Green,* 232 Ark. 438, 338 S. W. 2d 672; *Gland-O-Lac* v. *Franklin County Circuit Court, supra; Crutchfield* v. *McLain,* 230 Ark. 147, 321 S. W. 2d 217. This waiver can be accomplished by a failure of a defendant to make objection at the first opportunity and before taking some step indicating satisfaction with the venue or constituting an entry of appearance. *Barnes* v. *Balz,* 173 Ark. 417, 292 S. W. 391; *Howe* v. *Hatley,* 186 Ark. 366, 54 S. W. 2d 64; *Mutual Benefit Health & Accident Ass'n* v. *Moore,* 196 Ark. 667, 119 S. W. 2d 499; *Arkansas State Racing Commission* v. *Southland Racing Corp.,* 226 Ark. 995, 295 S. W. 2d 617; *Crutchfield* v. *McClain, supra; Gland-O-Lac* v. *Franklin County Circuit Court, supra; Arkansas Ass'n of County Judges* v. *Green, supra.*

I have not been able to find any case, however, either in Arkansas or other jurisdictions that holds that the venue is waived by any act of the defendant when, as here, the objection is timely made and preserved.

As I see it, the real error in the majority opinion is in equating venue with jurisdiction of the person. Jurisdiction of the person is the power of the court to hear and determine the subject matter of a controversy between the parties to a suit, *i. e.,* to adjudicate or exercise judicial power over them. *Lamb & Rhodes* v. *Howton,* 131 Ark. 211, 198 S. W. 521. It is the power to render a personal judgment in a particular case or to subject the parties to the court's decisions and rulings. 21 C. J. S. *Courts* § 15, p. 32; Black's Law Dictionary, 4th Ed., p. 992. It is based upon appearance of the person or the issuance and service of proper process upon him in the manner required by law. Bouvier's Law Dictionary, Rawles 3rd Ed., p. 1761; *Stevenson* v. *Christie,* 64 Ark. 72, 42 S. W. 418; *Federal Land Bank of St. Louis* v. *Gladish,* 176 Ark. 267, 2 S. W. 2d 696; *Healey & Roth* v. *Huie,* 220 Ark. 16, 245 S. W. 2d 813; 20 Am. Jur. 2d *Courts* § 106, p. 465.

Equating "venue" in this case with "jurisdiction of the person" is not consistent with prior actions of this court. In cases involving venue, rather than question of service of process, it is said that a motion to dismiss for want of venue might be treated as a motion for change of venue and where well taken, the cause should be removed to the proper venue. *Terminal Oil Co.* v. *Gautney, Judge,* 202 Ark. 748, 152 S. W. 2d 309; *Ft. Smith Gas Co.* v. *Kincannon,* 202 Ark. 216, 150 S. W. 2d 968 (on rehearing). Had those cases been treated as if the question was one involving jurisdiction of the person, the only proper action would have been to dismiss them.

We would be more consistent if we followed the precedent in cases wherein venue was based on the residence of, or place where summons was served on, a codefendant. In these circumstances, it has been held that by filing a counterclaim (not then compulsory) a defendant, whose timely motion questioning venue had been overruled, did not make the court his own forum so that he could not further question the judgment against him. *Seelbinder* v. ,*Witherspoon,* 124 Ark. 331, 187 S. W. 325. While this case is discussed as not having been applicable to the facts in *Federal Land Bank* v. *Gladish,* 176 Ark. 267, 2 S. W. 2d 696, cited by the majority, because the venue there was governed by a statute which specifically exempted a nonresident defendant from judgment where no judgment was rendered against a resident defendant, it is quite clear that venue was involved in the *Seelbinder* case and jurisdiction of the person in the *Federal Land Bank* case. That jurisdiction of the person was the governing principle in the *Federal Land Bank* case is made quite clear by these words in the opinion:

"The appellant in this case, by filing a counterclaim and asking for affirmative relief asking the court to give it judgment, thereby enters its appearance, and waives any defense there might be *in the service or*

*any failure to get proper service,* if there was such failure. In other words, the defendant, by filing a counterclaim and asking affirmative relief in the court, thereby subjected itself to the jurisdiction of the court *whether it had been served at all or not."* [Emphasis ours]

This statement clearly recognizes that the case was governed only by rules pertaining to appearance or proper service, the basis of jurisdiction of the person.

It seems to me that the rule pronounced here by the majority will lead to some undesirable results. Suppose, for instance, that because of the pendency of an action involving corpus personalty brought by a cestui que trust in the wrong venue, as this one was, it became advisable for the trustee to seek injunctive relief against the plaintiff in order to protect the trust property after his objection to the venue had been overruled.[1] He could then be said to have submitted the trust to the trial of a proceeding in a county remote from the trust property, the records of the trust or witnesses who might be readily available at the proper venue but not at the improper one. I respectfully submit that the precedent is a bad one. Such a result seems to me to be just as vicious as the rejected rule that one who appealed from an adverse ruling on a motion to quash for want of jurisdiction of the person thereby entered his appearance. See *Anheuser-Busch Company* v. *Manion,* 193 Ark. 405, 100 S. W. 2d 672. It is strongly indicated in *Harger* v. *Oklahoma Gas & Elec. Co.,* 195 Ark. 107, 111 S. W. 2d 485, that where objection was made and preserved, such actions as motions for continuance, requests for additional time to plead, contest of motions and motions to transfer from law to equity should no longer be considered as voluntary appearances.

---

[1]Such a situation could well arise under conditions which would make the filing of an independent action impossible or impractical.

While I would not reach the other points treated by the majority, I would concur in the result reached on them.

I would reverse and dismiss.

I am authorized to state that BYRD, J., joins in this dissent.